(134 So. 675)

**GARRISON, Probate Judge, v. SUMNERS.**

7 Div. 823.

Supreme Court of Alabama.

April 30, 1931.

18

See Garrison, Judge, etc., v. Sumners (Ala. App.) 134 So. 672.

Pruet & Glass, of Ashland, for appellant

Hardegree & Dempsey, of Ashland, for respondent.

Certification to the Supreme Court.

"To Honorable John C. Anderson, Chief Justice, and Associate Justices of the Supreme Court.

"Greetings: In the case of E. J. Garrison as Probate Judge, etc., v. Hubert Sumners, on appeal from the Circuit Court of Clay County, from a judgment awarding a writ of mandamus, directed to said Garrison as·Probate Judge, a determination of the cause turns upon a construction of Act of the Legislature, approved September 28, 1923, and incorporated as section 5076 of the Code of 1923 (Acts 1923, p. 630), as applied to the agreed statement of facts as is set out in this record, which we herewith transmit and make a part of this inquiry.

"The Judges of this Court cannot reach an unanimous conclusion as to the construction of the above statute as the same applies to the agreed statement of facts and acting under authority of section 7311 of the Code of 1923, the inquiry is propounded: Does the statute above referred to apply to the Court of County Commissioners or Boards of Revenue or to the individuals composing said boards?

"All of which is respectfully submitted and certified.

"C. R. Bricken
."Presiding Judge.
"Wm. H. Samford
"James Rice
"Associates."

Response to Question Certified by Court of Appeals.

SAYRE, J.

The Court of Appeals inquires whether the Act of September 28, 1923, incorporated in the Code of 1923 as section 5076 (Acts 1923, p. 630), does "apply to the court of county commissioners or boards of revenue or to the individuals composing said boards."

▉ The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand, such statutes are not to be extended by construction. Gunter v. Leckey, 30 Ala. 591. In Huffman v. State, 29 Ala. 44, quoted in Walton v. State, 62 Ala. 199, this court said: "While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words are broad enough to embrace such case."

▉ Applying as well as we may the foregoing rules of construction to the act in question, the court here is of opinion that the criminal penalty provided by the statute applies to the individual members of the court of county commissioners—meaning that the individuals composing the courts of county commissioners (or the boards of revenue in counties having such boards) are prohibited under criminal penalty to let contracts to persons related to them within the degree denounced by the statute or to sit as members of the court when considering or voting upon any county contract with any person so related to the individual member.

True enough, the statute may be construed as denouncing certain acts as unlawful without reference to the criminal penalty involved. But, so construed, the provision is that it shall be unlawful for any member to award any contract, etc., to any person related to such member, or to employ any such relative, etc. If it was the legislative purpose to denounce all contracts made with any person related to any member of the commissioners' court and thus, in effect, to deny to any person related to any one member of the court, a mere administrative body, the right to make any contract with the county, that purpose has not been adequately expressed, is left to inference, which inference should not be drawn, in view of the clearly expressed purpose to denounce contracts with persons related to the member who awards them.

Hence the opinion here that the statute has in the opinion of the Court of Appeals been given a meaning which its text does not warrant.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.