On October 11, 2006, the appellant, Jeffery Hankins, [1]
pleaded guilty to driving under the influence of alcohol ("DUI"), a violation of § 32-5A-191(a)(2), Ala. Code 1975. He was sentenced, pursuant to the enhanced felony sentencing provision in § 32-5A-191(h), Ala. Code 1975, to 65 months in prison; the sentence was suspended, and Hankins was ordered to serve 15 months in prison, followed by probation.[2]
During the guilty-plea proceedings, Hankins objected to the trial court's sentencing him under the felony provision in *Page 612 
§ 32-5A-191(h) because, he said, he did not have the requisite number of prior DUI convictions to invoke that provision. Specifically, Hankins argued that § 32-5A-191(o), Ala. Code 1975, as amended by Act No. 2006-654, Ala. Acts 2006, [3] operates to limit the application of § 32-5A-191(h) to only those persons convicted of DUI who have had at least three prior DUI convictions within a five-year period preceding the latest conviction and that he did not have three prior DUI convictions within the preceding five years.[4] The trial court rejected Hankins's challenge to his sentence, considered Hankins to have had four prior DUI convictions for purposes of sentence enhancement, and imposed a felony sentence pursuant to § 32-5A-191(h). Hankins expressly reserved the right to appeal the propriety of his being sentenced under § 32-5A-191(h). See Mitchell v.State, 913 So.2d 501 (Ala.Crim.App. 2005). Therefore, this Court is properly presented with a single issue of first impression: whether § 32-5A-191(o) requires a defendant's prior DUI convictions to have occurred within a five-yearperiod preceding the latest conviction before the felony sentencing provision in § 32-5A-191(h) can be applied.
Section 32-5A-191 currently reads, in pertinent part:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(2) Under the influence of alcohol;
 "(e) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than six hundred dollars ($600) nor more than two thousand one hundred dollars ($2,100), or by both a fine and imprisonment. In addition, on a first conviction, the Director of Public Safety shall suspend the driving privilege or driver's license of the person convicted for a period of 90 days.
 "(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand one hundred dollars ($1,100) nor more than five thousand one hundred dollars ($5,100) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year. The sentence shall include a mandatory sentence, which is not subject to *Page 613 
suspension or probation, of imprisonment in the county or municipal jail for not less than five days or community service for not less than 30 days. In addition the Director of Public Safety shall revoke the driving privileges or driver's license of the person convicted for a period of one year.
 "(g) On a third conviction, a person convicted of violating this section shall be punished by a fine of not less than two thousand one hundred dollars ($2,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated or suspended. In addition, the Director of Public Safety shall revoke the driving privilege or driver's license of the person convicted for a period of three years.
 "(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. . . .
 ". . . .
 "(o) A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section."
(Emphasis added.) Subsection (o) was amended in 2006. See Act No. 2006-654, Ala. Acts 2006, § 1. Before that amendment, it was clear that subsection (h) did not require the prior DUI convictions used for felony-sentence enhancement to have occurred within five years preceding the latest conviction. See, e.g., Act No. 97-556, Ala. Acts 1997, which specifically removed the five-year requirement from both subsections (g) and (h); see also Ex parte Parker, 740 So.2d 432, 433
(Ala. 1999), and Ex parte Boyd, 796 So.2d 1092
(Ala. 2001). The question, then, is what effect, if any, did the amendment of subsection (o) have on the felony sentencing provision in subsection (h)?
Hankins contends that, based on the plain meaning of the language in subsections (h) and (o), read together, a defendant convicted of DUI must have three prior DUI convictions "from this state, a municipality within this state, or another state or territory or a municipality of another state or territory" within the five-year period preceding the conviction for which the defendant is being sentenced in order for the felony sentencing provision in § 32-5A-191(h) to be invoked. In the alternative, Hankins argues that to the extent there is any ambiguity in the statute following the 2006 amendment as to whether the five-year requirement was intended to apply to prior in-state DUI convictions under § 32-5A-191 (or only to prior in-state municipal convictions and out-of-state convictions), that ambiguity may not be clarified by implication; he maintains that this Court is bound to construe § 32-5A-191 strictly and to resolve all doubts concerning its interpretation in his favor. Thus, according to Hankins, either approach — plain-meaning application or statutory construction — should lead this Court to the conclusion that the felony sentencing provision in § 32-5A-191(h) is not applicable to him because he did not have three prior DUI convictions within a five-year period immediately preceding his current conviction. *Page 614 
The State contends, on the other hand, that subsections (h) and (o) of § 32-5A-191, when read together, were not intended to have a limiting effect with respect to the use of prior DUI convictions for the purpose of sentence enhancement. Pointing out that subsection (o) does not say that "only" those convictions within a five-year period "shall be considered" by the trial court for purposes of sentencing under § 32-5A-191(h), the State argues:
 "[Section 32-5A-191] specifically requires the trial court to consider those convictions within a five year period from the instant conviction, while also implicitly allowing the trial court the discretion to consider any and all DUI convictions outside of the five year period."
(State's brief at p. 9-10.) The State also argues that the 2006 amendment to § 32-5A-191 was simply the legislature's response to the Alabama Supreme Court's decision in Exparte Bertram, 884 So.2d 889 (Ala. 2003), and that the legislature's intent in amending subsection (o) in 2006 was to strengthen the statute by responding to the construction of § 32-5A-191 given by the Court in Bertram"that the only prior convictions that could be used for sentence enhancement were convictions that occurred in Alabama under § 32-5A-191. The State argues:
 "In apparent response to Bertram, the Alabama Legislature enacted Act 2006-654 that is at issue in this case. The Legislature's express purpose in enacting the statute was:
 "`to provide that a prior conviction for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory could be considered by a court for enhancement of the sentence of a person who is convicted for driving under the influence[.]'
"Exhibit `C' [Act No. 06-654, Ala. Acts 2006.]
 "The purpose of the statute was not to reinstate the five year provisions into Subsections . . . (g) and (h) — had the Legislature chosen to do so, it could have clearly and expressly made those alterations to those subsections in Act 2006-654 by reinstating the five year provisions that it stripped away in Act 97-556. It could also have drafted Subsection (o) to provide that `only' those convictions within the five-year period `shall be considered.' Instead, the Legislature — albeit somewhat inarticulately — appears to have attempted to strengthen the statute by ensuring that all convictions within that five year period, from any other state, municipal, or territorial jurisdiction, must be considered for purposes of the statute's recidivism provisions. The language of the statute has left the trial courts with discretion to consider convictions outside of that period.
 "It is acknowledged that, in enacting Act 2006-654 to require the trial court to consider all DUI convictions from other states, municipalities, and territories to overcome the Bertram result, the Legislature may have inadvertently weakened the statute — but not to the extent suggested by Hankins. After the enactment of Act 97-556, but before the enactment of Act 2006-654, there was no question that the trial court was required to consider a DUI conviction, regardless of its age, in reviewing a defendant's third or fourth conviction under Subsections (g) and (h); as noted above, the five year period for a second conviction under Subsection (f) has remained unchanged. As it now stands, the statute, through Subsection (o), requires the *Page 615 
trial court to consider convictions within a five year period for purposes of it's the [sic] recidivism provisions (`shall be considered'), but its language has left open the consideration of older convictions to the trial court's discretion. While apparently diminishing the previous requirement that all such convictions, regardless of age, be considered, the Legislature's language has allowed the trial courts to retain the discretion to consider convictions outside the five year period."
(State's brief at pp. 16-18.) The gravamen of the State's argument, as we understand it, is that because the legislature has expressed a strong public policy of discouraging driving a vehicle while under the influence of alcohol[5] and because the legislature has repeatedly amended § 32-5A-191 over the years to increase the punishment for repeat offenders, the legislature could not have intended to weaken the law by limiting the prior DUI convictions that could be considered for sentence enhancement to only those convictions that occurred within the five-year period immediately preceding the current conviction.
In Soles v. State, 820 So.2d 163 (Ala.Crim.App. 2001), this Court stated:
 "`The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala. 1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala. 1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala. 1993); IMED Corp. v. Systems Eng'g Associates Corp., 602 So.2d 344 (Ala. 1992).'
"Beavers v. County of Walker, 645 So.2d 1365, 1376-77
(Ala. 1994). See also Tuscaloosa County Comm'n v. DeputySheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689
(Ala. 1991) (`Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.' (citations omitted)). Moreover, this Court has stated:
 "`"In determining legislative intent, statutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation." Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970, 973 *Page 616 
(Ala. 1985). "It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute." Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App. 1977). "[I]n cases of conflicting statutes on the same subject, the latest expression of the legislature is the law. Where a conflict exists between statutes, the last enactment must take precedence." [Baldwin County v.] Jenkins, 494 So.2d [584,] 588 [(Ala. 1986)] (citations omitted).'
 "Hatcher v. State, 547 So.2d 905, 906-07 (Ala.Crim.App. 1989)."
820 So.2d at 164-65.
Expanding on these principles, this Court in Carroll v.State, 599 So.2d 1253 (Ala.Crim.App. 1992), noted:
 "`Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.' Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985). `[T]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute . . . . In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible. . . . We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute.' Pace v. Armstrong World Industries, Inc., 578 So.2d 281, 283 (Ala. 1991). `If possible, the intent of the legislature should be gathered from the language of the statute itself. However, if the statute is ambiguous or uncertain, the Court may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.' Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301, 1305 (Ala. 1991).
 "`[A]mbiguous criminal statutes must be narrowly interpreted, in favor of the accused.' United States v. Herring, 933 F.2d 932, 937 (11th Cir. 1991). `[I]t is well established that criminal statutes should not be "extended by construction."` Ex parte Evers, 434 So.2d 813, 817
(Ala. 1983). `"[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed."' United States v. Bridges, 493 F.2d 918, 922 (5th Cir. 1974).
 "`In United States v. Boston M. RR Co., 380 U.S. 157, 85 S.Ct. 868, 870, 13 L.Ed.2d 728
(1965), the Supreme Court stated:
 "`"A criminal statute is to be construed strictly, not loosely. Such are the teachings of our cases from United States v. Wiltberger, [18 U.S.76] 5 Wheat. 76, 5 L.Ed. 37, [(1820)], down to this day. Chief Justice Marshall said in that case:
 "`"`The rule that penal laws are to be construed strictly, is, perhaps, not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department.' Id., p. 95.
 "`"The fact that a particular activity may be within the same general classification and policy of those covered does not necessarily bring it within the ambit of the criminal prohibition. United States v. Weitzel, *Page 617 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872 [(1918)]."
 "`Moreover, "one `is not to be subjected to a penalty unless the words of the statute plainly impose it,' Keppel v. Tiffin Savings Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 49 L.Ed. 790 [(1905)]. `[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.' United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-222, 73 S.Ct. 227, 229-230, 97 L.Ed. 260 [(1952)]." United States v. Campos-Serrano, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971).'
"Bridges, 493 F.2d at 923.
 "`Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning.' Alabama Farm Bureau Mut. Casualty Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). The general rule of construction for the provisions of the Alabama Criminal Code is found in Ala. Code 1975, § 13A-1-6: `All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3.' Among the purposes stated in § 13A-1-4 is that found in subsection (2): `To give fair warning of the nature of the conduct proscribed.'"
599 So.2d at 1264-65.
In Ex parte Bertram, supra, the Alabama Supreme Court, construing § 32-5A-191, stated, in part:
 "`"[I]t is well established that criminal statutes should not be `extended by construction.'"' Ex parte Mutrie, 658 So.2d 347, 349 (Ala. 1993) (quoting Ex parte Evers, 434 So.2d 813, 817
(Ala. 1983), quoting in turn Locklear v. State, 50 Ala.App 679, 282 So.2d 116 (1973)).
 "`A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
 "`Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
 "`One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished there under, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing [Young v. State], 58 Ala. 358 (1877).
 "`No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra.'
 "Clements v. State, 370 So.2d 723, 725
(Ala. 1979) (quoted in whole or in part in Ex parte Murry, 455 So.2d 72, 76 (Ala. 1984), and in Ex parte Walls, 711 So.2d 490, 494
(Ala. 1997)) (emphasis added).
 "`"Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . ." United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816
(Ala. 1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952).'
 "Ex parte Jackson, 614 So.2d 405, 406
(Ala. 1993) (emphasis added). `[T]he *Page 618 fundamental rule [is] that criminal statutes are construed strictly against the State. See Ex parte Jackson, 614 So.2d 405 (Ala. 1993).' Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala. 2000) (emphasis added). The `rule of lenity requires that "ambiguous criminal statute[s] . . . be construed in favor of the accused."' Castillo v. United States, 530 U.S. 120, 131, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (paraphrasing Staples v. United States, 511 U.S. 600, 619 n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994))."
Ex parte Bertram, 884 So.2d at 891-92.
In addition, it is also understood that the law favors rational and sensible construction. See King v. State,674 So.2d 1381 (Ala.Crim.App. 1995). In construing statutes, courts are not required to abandon common sense. See Sellers v.State, 935 So.2d 1207 (Ala.Crim.App. 2005). In Garrisonv. Sumners, 223 Ala. 17, 134 So. 675 (1931), the Alabama Supreme Court aptly noted:
 "The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand, such statutes are not to be extended by construction. Gunter v. Leckey, 30 Ala. 591 [(1857)]. In Huffman v. State, 29 Ala. 44 [(1856)], quoted in Walton v. State, 62 Ala. 199 [(1878)], this court said: `While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words are broad enough to embrace such case.'"
223 Ala. at 18, 134 So. at 676.
With these traditional, well-settled rules of statutory review in mind, we turn to the issue presented.
We begin by noting the extensive legislative history of § 32-5A-191. See Act No. 80-434, Ala. Acts 1980, p. 604, § 9-102; Act No. 81-803, Ala. Acts 1981, p. 1412, § 1; Act No. 83-620, Ala. Acts 1983, p. 959, § 1; Act No. 84-259, Ala. Acts 1984, p. 431, § 1; Act No. 94-590, Ala. Acts 1994, p. 1089, § 1; Act No. 95-784, Ala. Acts 1995, p. 1862, § 2; Act No. 96-341, Ala. Acts 1996, p. 416, § 1; Act No. 96-705, Ala. Acts 1996, p. 1174, § 1; Act No. 97-556, Ala. Acts 1997, p. 985, § 1; Act No. 99-432, Ala. Acts 1999, p. 787, § 1; Act No. 2000-677, Ala. Acts 2000, p. 1376, § 1; Act No. 2002-502, Ala. Acts 2002, p. 1299, § 1; Act No. 2005-326, Ala. Acts 2005 (1st Sp. Sess.), p. 795, § 1; Act No. 2006-654, Ala. Acts 2006, § 1. The numerous amendments to § 32-5A-191 have generally been either to refine certain language in the statute, to redefine the scope of the statute, or to increase the various fines, penalties, and incarceration ranges authorized to be imposed for DUI convictions. For purposes of the issue presented here, the evolution of the statute's main sentencing provisions is most important.
Section 32-5A-191 was first enacted by Act No. 80-434, § 9-102, Ala. Acts 1980; that Act provided, in pertinent part:
 "(c) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than one hundred dollars ($100) nor more than one thousand ($1,000), or by both such fine and imprisonment. . . .
 "(d) On a second or subsequent conviction within a five-year period, the person convicted of violating this section shall be punished by a fine of not less than two hundred dollars ($200) nor more than fifteen hundred dollars *Page 619 
($1,500) or by imprisonment in the county or municipal jail for not more than one year, or by both such fine and imprisonment. . . ."
(Emphasis added.) The amendments in 1981 and 1984, see Act No. 81-803, Ala. Acts 1981, and Act No. 84-259, Ala. Acts 1984, made no substantive changes relevant to this case. Act No. 83-620, Ala. Acts 1983, however, made several changes strengthening various sentencing provisions, including increasing the fine to be imposed, adding a mandatory jail sentence upon a second conviction, and adding a subsection to provide for an additional penalty upon a third or subsequent conviction; that subsection provided, in pertinent part:
 "`(e) On a third or subsequent conviction within a five-year period, the person convicted of violating this section shall be punished by a fine of not less than $1,000.00 nor more than $5,000.00 and by imprisonment, which may include hard labor, in the county or municipal jail for not less than sixty (60) days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and which cannot be probated or suspended. . . .'"
(Emphasis added.)
In 1994, the legislature enacted Act No. 94-590, Ala. Acts 1994, which, for the first time, allowed for a felony sentence for DUI; that Act amended § 32-5A-191 to read, in pertinent part:
 "`(c) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than two hundred fifty dollars ($250) nor more than one thousand dollars ($1,000), or by both such fine and imprisonment. . . .
 "`(d) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than five hundred dollars ($500) nor more than two thousand five hundred dollars ($2,500) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year. . . .
 "`(e) On a third conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated or suspended. . . .
 "`(f) On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than two thousand dollars ($2,000) nor more than five thousand dollars ($5,000) and by imprisonment of not less than one year and one day nor more than 10 years. . . .'"
(Emphasis added.) Although Act No. 94-590 increased the punishment for DUI to allow for a felony sentence, it nevertheless continued the five-year requirement, i.e., that only those prior convictions occurring with five years of the most recent conviction could be used for sentence enhancement.
The next two amendments made no substantive changes relevant to the issue here. See Act No. 95-784, Ala. Acts 1995, and Act No. 96-341, Ala. Acts 1996.[6] In 1997, *Page 620 
however, the legislature enacted Act No. 97-556, Ala. Acts 1997, which, among other things, removed the long-standing five-year requirement from subsections (g) and (h); that Act amended § 32-5A-191 to read, in pertinent part:
 "`(e) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than six hundred dollars ($600) nor more than two thousand one hundred dollars ($2,100), or by both a fine and imprisonment. . . .
 "`(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand one hundred dollars ($1,100) nor more than five thousand one hundred dollars ($5,100) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year. . . .
 "`(g) On a third conviction, a person convicted of violating this section shall be punished by a fine of not less than two thousand one hundred dollars ($2,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated or suspended. . . .
 "`(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. . . .'"
(Emphasis added.) Interestingly, this amendment of § 32-5A-191 did not remove the five-year requirement from subsection (f), and that requirement remains in subsection (f) today. The 1999 amendment, Act No. 99-432, Ala. Acts 1999, added subsection (n), which provides:
 "`(n) When any person over the age of 21 years is convicted pursuant to this section and a child under the age of 14 years was present in the vehicle at the time of the offense, the defendant shall be sentenced to double the minimum punishment that the person would have received if the child had not been present in the motor vehicle.'"
The 2000 amendment, Act No. 2000-677, Ala. Acts 2000, made no substantive changes relevant to the issue here, although it did add a subsection (o) to the statute providing for the suspension of a repeat offender's vehicle registration. The next two amendments, Act No. 2002-502, Ala. Acts 2002, and Act No. 2005-326, Ala. Acts 2005, likewise made no substantive changes relevant to the issue here.
However, Act No. 2006-654, Ala. Acts 2006, the Act at issue in this case, was, as noted above, enacted by the legislature in 2006. That Act, among other things, moved the language in the existing subsection (o) (originally added in 2000) to subsection (p), and then added the following language as subsection (o):
 "`(o) A prior conviction within a five-year period of driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality *Page 621 
of another state or territory shall be considered by a court for imposing a sentence pursuant to this section.'"
(Emphasis added.)[7] Significant to this case is the reference in subsection (o) to prior DUI convictions "from this state," i.e., prior in-state convictions under § 32-5A-191, and the inclusion of the five-year language that had previously, in 1997, been specifically removed from subsections (g) and (h).
We have no doubt that, as the State asserts, the 2006 amendment of subsection (o) was, at least in part, the legislature's response to the Alabama Supreme Court's 2003 decision in Exparte Bertram, supra. In Ex parte Bertram, the Court construed § 32-5A-191 as allowing only prior in-state DUI convictions under § 32-5A-191 to be used for sentence enhancement under subsection (h). It is clear to this Court, based on the plain language of subsection (o), that the legislature intended to amend subsections (f), (g), and (h) to clarify that prior out-of-state DUI convictions (both state and municipal) are to be considered for purposes of sentencing under § 32-5A-191. Likewise, with the specific mention of in-state municipal convictions in subsection (o), the amendment may also have been to clarify § 32-5A-191 in light of this Court's unpublished memorandum in Hoover v. State (No. CR-04-0159, June 10, 2005), 926 So.2d 1082 (Ala.Crim.App. 2005) (table), and the Alabama Supreme Court's subsequent decision to quash the writ in that case. See Ex parte Hoover,928 So.2d 278 (Ala. 2005). In Hoover, relying onMcDuffie v. State, 712 So.2d 1118 (Ala.Crim.App. 1997), this Court refused to extend Ex parte Bertram and held that prior in-state municipal DUI convictions could be used for sentence enhancement under § 32-5A-191. The Alabama Supreme Court, after initially granting certiorari review, quashed the writ without opinion. However, Justice Stuart dissented, noting her continued opposition to the Supreme Court's decision inEx parte Bertram and stating that she would have affirmed this Court's decision in Hoover and overruledEx parte Bertram, 928 So.2d at 280. Therefore, we can presume that, when it adopted the 2006 amendment to § 32-5A-191, the legislature was aware that the Supreme Court had not directly addressed and settled the issue whether Exparte Bertram precluded the consideration of prior in-state municipal DUI convictions for purposes of sentencing under § 32-5A-191, and, further, that the legislature intended to amend subsections (f), (g), and (h), to clarify that prior in-state municipal DUI convictions are to be considered for purposes of sentencing under § 32-5A-191. *Page 622 
However, the legislature's clarification of the word "conviction" in subsections (f), (g), and (h), i.e., that that word includes prior out-of-state DUI convictions as well as prior in-state municipal convictions, is the only unambiguous portion of the 2006 amendment of subsection (o). By including the limiting language "within a five-year period" in subsection (o), the legislature went far beyond what was required to respond to Ex parte Bertram and/or Hoover.
And this addition of the five-year requirement renders subsection (o), on its face, in direct conflict with subsections (g) and (h), which not only do not contain the five-year requirement, but from which the five-year requirement was specifically removed in 1997. Therefore, based on our review of the legislative history of § 32-5A-191, and the specific five-year language of subsection (o), as well as the language in subsection (h) omitting comparable limiting language, we conclude that the five-year language in subsection (o) is ambiguous, that the legislature's intent in amending subsection (o) is not readily discernible from the plain language of the statute, and that we must construe § 32-5A-191 according to the traditional, well-settled rules of statutory construction we have quoted above. For the reasons explained below, we have no choice but to conclude that those rules of statutory construction require this Court to adopt the construction urged by Hankins rather than the construction suggested by the State.
The State's first argument — that the legislature intended in subsection (o) only to reiterate that those prior convictions within a five-year period must be considered for purposes of sentence enhancement, but that it left the door open for the trial court to exercise its discretion and consider other prior convictions outside that five-year period — is easily rejected. As the State notes, the legislature did not amend subsections (g) and (h) by adding a five-year requirement, as it could have easily done. Rather, it chose to amend subsection (o) by adding the five-year language. In addition, as the State argues, subsection (o) does not state that "only" those prior convictions that occurred within a five-year period "shall be considered" by the trial court for purposes of sentencing, but merely states that prior convictions within a five-year period shall be considered. However, subsections (g) and (h) already contain the word "shall" and are mandatory sentencing provisions requiring a trial court to consider prior DUI convictions in sentencing. If the State's position is correct, then subsection (o), on its face, appears to have accomplished nothing more than mandating what the mandatory sentencing provisions in subsections (g) and (h) already required — the consideration of prior DUI convictions within five years for purposes of sentencing. However, adopting such a construction would require this Court to find that, in requiring in subsection (o) that a prior DUI conviction under § 32-5A-191 within a five-year period be considered for sentencing purposes, the legislature deliberately created a redundancy in the statute. We cannot presume that the legislature intended to do such a useless act. SeeSoles, supra, noting that it is a fundamental principle of statutory construction that in enacting a statute the legislature is presumed to have had full knowledge and information as to prior and existing law and legislation on the subject of the statute. Therefore, contrary to the State's urging, we cannot rule out the possibility that subsection (o) was intended to limit the prior DUI convictions that could be used for sentencing purposes under subsections (g) and (h) to those that occurred within the preceding five-year period.
The State's second argument is stronger, yet still unpersuasive. The State *Page 623 
points out that the legislature's repeated amendments to § 32-5A-191 over the years have operated to strengthen the DUI statute, not weaken it, and that subsection (o) was, at least in part, meant to again strengthen the statute by responding to the Supreme Court's opinion in Ex parteBertram interpreting the statute as prohibiting the consideration of prior out of-state DUI convictions. Thus, according to the State, the legislature could not have intended to weaken the law by limiting the prior DUI convictions that could be considered for sentence enhancement to only those convictions that occurred within a five-year period. As noted above, we agree with the State that the 2006 amendment to § 32-5A-191 was, at least in part, a response to the Supreme Court's opinion in Ex parte Bertram, and possibly a response to this Court's unpublished memorandum inHoover. And it is true, as the State points out, that the legislature has incrementally expanded the scope of § 32-5A-191 and increased the fines, penalties, and incarceration ranges available for driving under the influence, and has expressed a strong interest in deterring and punishing those individuals who drive on Alabama's roads while under the influence of alcohol and drugs — a policy that would seem inconsistent with weakening § 32-5A-191 by restricting the use of prior DUI convictions to only those that occurred within a five-year period. However, the State's argument fails to recognize that for the first 17 years of the existence of the statute, all the sentencing provisions in the statute included a five-year requirement. From its adoption in 1980 until its amendment in 1997, subsections (g) and (h) both included five-year requirements.[8] During this time, the legislature obviously saw no conflict between its stated interests in deterrence and punishment and restricting the use of prior convictions for sentence enhancement to those occurring within a five-year period. Therefore, although the State's argument that the legislature did not intend to weaken the DUI statute by reinstating the five-year requirement is not unreasonable, the converse is likewise not unreasonable, i.e., that the legislature did, in fact, intend to reinstate the five-year requirement. As noted above, the scope of an ambiguous criminal statute cannot be extended by implication. Ambiguous criminal statutes must be strictly construed against the State, and all doubts concerning the interpretation of such statutes are to predominate in favor of the accused. See Carroll, supra; and Ex parte Bertram, supra. Therefore, we reject the State's argument that, given the legislative history of § 32-5A-191, the legislature could not have intended to impose a five-year requirement on the use of prior DUI convictions.[9]
Applying the rules of statutory construction set forth above, including the rule of lenity, we have no choice but to hold that by amending subsection (o) in the 2006 amendment to § 32-5A-191, the legislature has restricted the use of prior DUI convictions for sentencing purposes to only those convictions that occurred within the five-year period immediately preceding the current conviction. In other words, the five-year requirement that was removed from subsections (g) and (h) in 1997 has *Page 624 
now been reinstated. To hold otherwise would require this Court not only to ignore the well-established rules of statutory construction, but to completely ignore specific language in a statute based on the unfounded assumption that the inclusion of that language was a mistake. This we cannot do.
We recognize the effect of our interpretation on DUI sentencing. In this case, for example, Hankins has seven prior DUI convictions spanning more than 15 years. Obviously, he has a propensity to drink and drive, yet he will receive only a misdemeanor penalty for his eighth conviction.[10] The stated public policy of this State is to deter and punish those who repeatedly drive on Alabama's roads under the influence of alcohol and jeopardize the lives of Alabamians on a daily basis. However, the wisdom of the 2006 amendment is not for this Court to question. As the Alabama Supreme Court noted inEx parte National Western Life Insurance Co.,899 So.2d 218, 226-27 (Ala. 2004), "a perceived lack of wisdom in a statute [] does not empower this Court to rewrite the statute, even if we wanted to do so." If this Court's construction is, in fact, not the intent of the legislature, we urge the legislature to promptly clarify its intent through appropriate legislation. Until that time, we have no choice but to follow the rules of statutory construction and to hold that the trial court erred in considering for purposes of sentence enhancement any of Hankins's prior convictions that occurred more than five years before his present conviction.
Based on the foregoing, we affirm Hankins's conviction for DUI. However, we remand this case for the trial court to resentence Hankins in accordance with the requirements of § 32-5A-191
as interpreted by this opinion. Due return shall be filed within 42 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING.*
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] The record and briefs reflect two different spellings for the appellant's first name — Jeffery and Jeffrey. For purposes of this opinion, we use the spelling contained in the indictment — Jeffery.
[2] Hankins's indictment charged that on or about July 22, 2006, Hankins had driven or been in actual physical control of a vehicle while under the influence of alcohol at or near Shiloh Road in Sulligent.
[3] During the 2006 session, the legislature enacted Act No. 2006-298, which amended § 32-5A-191. However, later in the same session, the legislature enacted Act No. 2006-654, which repealed Act No. 2006-298 and again amended § 32-5A-191. The only substantive difference between the two acts was that Act. No. 2006-654 added subsection (c)(2) to § 32-5A-191, while Act No. 2006-298 had no such subsection. That difference, however, is not relevant to this case.
[4] During the guilty-plea proceedings Hankins acknowledged having at least three prior DUI convictions. Later, for purposes of establishing a record regarding this issue, Hankins's counsel stipulated that Hankins had four prior DUI convictions — "a conviction dated January 1st, 1990 in CC-2004-136; January 1st, 1992 in the State of Kentucky, a DUI; then January 1st, 1994 in Guin, Alabama, a DUI; and June 15th 2003, TR-2003-892, a DUI." (R. 17-18.) We note, however, that the presentence investigation report that Hankins introduced into evidence indicates that Hankins actually has seven prior DUI convictions, and that only two of those convictions appear to have been within five years of the present conviction — a 2004 conviction for felony DUI in case no. CC-04-136, and a 2003 conviction in case no. TR-2003-892. We note that, although the record is not entirely clear, it appears that counsel's reference to the conviction in case no. CC-04-136 as being dated January 1, 1990, was in error.
[5] For example, in Act No. 95-784, § 1, Ala. Acts 1995, which, among other things, increased the fine for a DUI conviction and lowered the blood-alcohol level required for a conviction, the legislature stated:
 "(1) Driving a vehicle while under the influence of alcohol or a controlled substance continues to be a major problem on the highways of our state and causes the death or injury of thousands of our citizens each year.
 "(2) The Legislature should use whatever authority is available to it to discourage driving a vehicle while under the influence of alcohol or a controlled substance, including the levying of fines therefor at a level which will discourage such activity.
 ". . . .
 "(9) This act should be liberally construed to accomplish its purposes and to promote the policies contained therein which are declared to be the public policy of this state."
[6] Act No. 96-341 redesignated subsections (c), (d), (e), and (f) in § 32-5A-191, as (d), (e), (f), and (g); Act No. 97-556, Ala. Acts 1997, redesignated the pertinent sections as (e), (f), (g), and (h).
[7] We note that, in addition to subsection (o), two other subsections in § 32-5A-191 contain language referring to the five-year requirement. Subsection (k) provides for the deposit into various funds of fines collected from individuals convicted of DUI, and subsection (p) provides for the suspension by the Alabama Department of Revenue of a repeat offender's vehicle registration. Subsection (k) was added in 1994, see Act No. 94-590, Ala. Acts 1994, when the five-year requirement was still contained in subsections (g) and (h), but was not amended in 1997 when the five-year requirement was removed from subsections (g) and (h), see Act No. 97-556, Ala. Acts 1997. The five-year requirement in subsection (p) was originally added in 2000 as subsection (o), see Act No. 2000-677, Ala. Acts 2000, after the five-year requirement had been removed from subsections (g) and (h), but no corresponding changes in subsections (g) and (h) were made at that time. However, neither subsection (k) nor subsection (p) specifically deals with the use of prior DUI convictions for sentencing purposes. After examining the timing and substance of the various amendments to § 32-5A-191, we conclude that the legislature's inclusion of the language relating to the five-year requirement in subsections (k) and (p) sheds no light on its intent in amending subsection (o) in 2006.
[8] In addition, subsection (f) still includes a five-year requirement.
[9] Although the State does not appear to argue that the five-year limitation in subsection (o) applies only to out-of-state convictions and in-state municipal convictions and does not apply to in-state convictions under § 32-5A-191, we note that there is nothing in the statute that suggests that the legislature could have contemplated such disparate treatment of prior DUI convictions for sentencing purposes.
[10] In contrast, for his seventh conviction, which appears from the record to have been in case no. CC-04-136, see note 4, supra, Hankins received a felony sentence under subsection (h) because that conviction occurred before the 2006 amendment. Interestingly, his probation for the felony
sentence was revoked as a result of the present conviction, for which a misdemeanor sentence will be imposed.
* Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.