WELCH, Judge.
 

 The State of Alabama appeals from the pretrial dismissal of an indictment charging David Mark Garner with violating § 13A-10-15, Ala.Code 1975, for making a terrorist threat.
 

 The indictment against Garner alleged, in relevant part, that Garner “did threaten, by any means, to commit any crime of violence or to damage any property, by intentionally or recklessly causing the evacuation of a building, place of assembly, or facility of public transportation .... ” (C. 3.) Garner filed a motion to dismiss the indictment. He argued in the motion that the indictment failed to adequately charge him with any offense; specifically, Garner alleged that the statute requires proof of a violation of both subsections (a)(1) and (a)(2) of § 13A-10-15, Ala.Code 1975, but that the indictment failed to allege that he had violated subsection (a)(2), Ala.Code 1975, which requires an intent to retaliate. Garner also argued in the motion to dismiss:
 

 “The Defendant finds support for this argument in
 
 Ex parte Aurora Mercedes Soto v. State of Alabama,
 
 [991 So.2d 691 (Ala.2008) ]. In that opinion, Chief Justice Cobb specially concurred along with two other justices stating that the prevailing view of the Alabama Criminal Court of Appeals and the ‘current interpretation by the courts, (of § 13A-10-15), however, is not what the plain language of the statute says.’ [991 So.2d at 695.] The court states that the current interpretation requires only proof of § 13A-10-15(a)(l), and that interpretation is essentially wrong and that the court has ‘grave concerns regarding whether the Court of Criminal Appeals’ interpretation’ of the statute of correct.
 
 See Ex parte Soto
 
 [991 So.2d at 693].”
 

 (C. 4.)
 

 The trial court requested that the State submit a memorandum brief responding to Garner’s motion to dismiss, and the State did so. In the memorandum it submitted to the trial court, the State included a synopsis of the case that it said had been provided by the Fort Payne Police Department:
 

 “On 10-19-2007, Archibald Quizon[,] owner of Archie’s Bar and Restaurant 110 Gault Av[e] N, Fort Payne, AL reported that David Mark Garner was causing problems at his establishment. He stated that around 11:30 pm same date that John Haynie[,] a [e]ook for him[,] came and told him a male had puked in the restrooms, and he was going to have the male to clean it up. A few minutes later Archie went into the restroom and it had not been cleaned up. Archie went to the male[,] David Gar
 
 *833
 
 ner[,] and told him he needs to clean his puke up from the restroom. David told him he was not going to clean it up. Archie made the waitress run his tab and made David pay and leave. Archie said a few minutes after he left, he ... called and said that he was going to sue Archie that he was a [l]awyer and he was going to sue him. The caller ID on Archie’s phone showed [a telephone number]. While Officers were there talking to Archie, David called back from the same number and Misty Thomas answered. This time David told Misty that he was going to blow the place up if they did not get everyone out. The decision was made to evacuate and search the area due to the threat made. Nothing unusual was discovered. Mr. Quizon stated by making everyone leave his business he loss [sic] about one thousand dollars on this incident.”
 

 (C. 17-18.)
 

 The trial court held a hearing on the motion to dismiss. At the hearing, Garner argued that a conviction under § 13A-10-15, Ala.Code, requires allegations and proof of subsection (a)(1), regarding the making of a threat to commit a crime of violence or to damage property in certain ways, and of (a)(2), regarding the intent to retaliate against certain individuals or groups of people. Garner further argued that because the indictment against him included only allegations related to (a)(1) and not to (a)(2), the indictment should be dismissed. Garner relied on Chief Justice Cobb’s special concurrence in
 
 Ex parte Soto,
 
 991 So.2d 691 (Ala.2008), in which she noted that subsection (a)(2) of the statute describes the “requisite intent to retaliate” that must accompany an alleged terrorist threat. Garner acknowledged that the Chief Justice’s special concurrence has no precedential value because it is not an opinion of the Alabama Supreme Court. The State argued that the indictment against Garner tracked the language of subsection (a)(1) and that it adequately charged Garner with a violation of § 13A-10-15(a)(l), Ala.Code 1975.
 

 The trial court entered an order dismissing the indictment. The court stated:
 

 “The language set out in the indictment tracks Section 13A-10-15(a)(l), but contains no language from Section 13A[-]10-15(a)(2), which sets out the element of retaliatory intent.
 

 “The court finds no case or published opinion in which the issue raised by [Garner’s] motion is directly addressed by the appellate courts; however, Chief Justice Cobb has stated in a concurring opinion that Section (a)(2) makes no grammatical sense unless it is read in conjunction with Section (a)(1).
 
 Ex parte Aurora Mercedes Soto,
 
 991 So.2d 691 (Ala.2008).
 

 “Applying the plain language of the statute, the court finds that the retaliatory intent element set out in the statute is a necessary element of the offense, and that because that element is missing from the indictment, it follows that the indictment is inadequate.
 

 “Accordingly, it is adjudged that the motion to dismiss the indictment is granted, and the indictment is dismissed.”
 

 (C. 31-32.)
 

 On appeal, the State argues that the trial court erred when it dismissed the indictment because, it says, § 13A-10-15, Ala.Code 1975, does not require that an indictment include allegations of violations of both subsections (a)(1), regarding the threat to commit a crime of violence or to damage property, and (a)(2), regarding retaliatory intent. Specifically, the State argues:
 

 
 *834
 
 “It is clear through the plain language of Section 13A-10-15 that the legislature intended to create two mutually exclusive ways in which to commit a crime of making a terrorist threat: In (a)(1), an individual commits the crime by threatening to commit a crime of violence or damage to any property that has the effect of terrorizing another person, causing a disruption of school activities or causing the evacuation of a building, place of assembly, public transportation facility or other serious public inconvenience; in (a)(2), an individual commits the crime by intending to retaliate against a person who acts as a witness in a judicial or administrative proceeding, or who provides information about a crime or possible crime or violation bail, pretrial release, probation or parole to law enforcement officers, including prosecutors, judges, or probation officers. Because these crimes are mutually exclusive, a person may commit a crime under (a)(1) portion of the statute without committing a crime under (a)(2). The trial court misconstrued the statute because it construed the statute to require an element of retaliation before a defendant could be convicted under either (a)(1) or (a)(2). In fact, only a charge under (a)(2) requires retaliation. Because Garner was indicted under (a)(1), the indictment did not need to include an allegation of retaliation.”
 

 (State’s brief, at p. 15-16.) We agree with the State.
 

 As the State notes in its brief to this Court, Garner did not challenge the constitutionality of the statute or allege that the indictment did not adequately inform him of the charge against him. The only issue before this Court is whether an indictment charging a violation of § 13A-10-15, Ala. Code 1975, for making a terrorist threat, must contain allegations regarding both subsections (a)(1) and (a)(2) of the statute.
 

 Section 13A-10-15 provides:
 

 “(a) A person commits the crime of making a terrorist threat when he or she threatens by any means to commit any crime of violence or to damage any property by doing any of the following:
 

 “(1) Intentionally or recklessly:
 

 “a. Terrorizing another person.
 

 “b. Causing the disruption of school activities.
 

 “c. Causing the evacuation of a building, place of assembly, or facility of pubhc transportation, or other serious public inconvenience.
 

 “(2) With the intent to retaliate against any person who:
 

 “a. Attends a judicial or administrative proceeding as a witness or party or produces records, documents, or other objects in a judicial proceeding.
 

 “b. Provides to a law enforcement officer, adult or juvenile probation officer, prosecuting attorney, or judge any information relating to the commission or possible commission of an offense under the laws of this state, of the United States, or a violation of conditions of bail, pretrial release, probation, or parole.
 

 “(b) The crime of making a terrorist threat is a Class C felony.”
 

 In
 
 Soles v. State,
 
 820 So.2d 163 (Ala.Crim.App.2001), this Court stated:
 

 “ ‘ “The first rule of statutory construction is that the intent of the legislature should be given effect.
 
 Ex parte McCall,
 
 596 So.2d 4 (Ala.1992);
 
 Volkswagen of America, Inc. v. Dillard,
 
 579 So.2d 1301 (Ala.1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself.
 
 Dillard, supra.
 
 Thus, where the lan
 
 *835
 
 guage of the statute is plain, the court must give effect to the clear meaning of that language.
 
 Ex parte United Service Stations, Inc.,
 
 628 So.2d 501 (Ala.1993);
 
 IMED Coup. v. Systems Eng’g Associates Corp.,
 
 602 So.2d 344 (Ala.1992).”
 

 “
 
 ‘Beavers v. County of Walker,
 
 645 So.2d 1365, 1376-77 (Ala.1994).
 
 See also Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County,
 
 589 So.2d 687, 689 (Ala.1991) (“Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” (citations omitted)).’ ”
 

 820 So.2d at 164-65. See also
 
 Hankins v. State,
 
 989 So.2d 610, 615 (Ala.Crim.App. 2007).
 

 “ ‘Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.’
 
 Ex parte Holladay,
 
 466 So.2d 956, 960 (Ala. 1985). ‘[T]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute .... In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible .... We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute.’
 
 Pace v. Armstrong World Industries, Inc.,
 
 578 So.2d 281, 283 (Ala. 1991). ‘If possible, the intent of the legislature should be gathered from the language of the statute itself. However, if the statute is ambiguous or uncertain, the Court may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.’
 
 Volkswagen of America, Inc. v. Dillard,
 
 579 So.2d 1301, 1305 (Ala. 1991).
 

 “ ‘[AJmbiguous criminal statutes must be narrowly interpreted, in favor of the accused.’
 
 United States v. Herring,
 
 933 F.2d 932, 937 (11th Cir.1991). ‘[I]t is well established that criminal statutes should not be “extended by construction.” ’
 
 Ex parte Evers,
 
 434 So.2d 813, 817 (Ala.1983). ‘ “[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed.” ’
 
 United States v. Bridges,
 
 493 F.2d 918, 922 (5th Cir.1974).”
 

 Carroll v. State,
 
 599 So.2d 1253, 1264 (Ala. Crim.App.1992),
 
 aff'd,
 
 627 So.2d 874 (Ala. 1993).
 

 “In addition, it is also understood that the law favors rational and sensible construction. See
 
 King v. State,
 
 674 So.2d 1381 (Ala.Crim.App.1995). In construing statutes, courts are not required to abandon common sense. See
 
 Sellers v. State,
 
 935 So.2d 1207 (Ala.Crim.App. 2005). In
 
 Garrison v. Sumners,
 
 223 Ala. 17, 134 So. 675 (1931), the Alabama Supreme Court aptly noted:
 

 “ ‘The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand,
 
 *836
 
 such statutes are not to be extended by construction.
 
 Gunter v. Leckey,
 
 30 Ala. 591 [(1857)]. In
 
 Huffman v. State,
 
 29 Ala. [40,] 44 [ (1856) ], quoted in
 
 Walton v. State,
 
 62 Ala. [197,] 199 [(1878)], this court said: “While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words are broad enough to embrace such case.” ’
 

 “223 Ala. at 18, 134 So. at 676.”
 

 Hankins v. State,
 
 989 So.2d at 618.
 

 This Court has examined issues related to § 13A-10-15 in only a few cases. In
 
 Lansdell v. State,
 
 25 So.3d 1169 (Ala.Crim. App.2007), cert.
 
 denied,
 
 25 So.3d 1183 (Ala. 2009), while addressing an issue regarding lesser-included offenses, this Court stated: “Here, Lansdell was charged with violating § 13A-10-15(a)(l)a. Thus, the State was required to prove that Lansdell intentionally or recklessly terrorized another person by threatening another person by threatening to commit any crime or violence or to damage any property.” 25 So.3d at 1181. No allegation of a violation of section (a)(2) of the statute was contained in the indictment or proven at trial, and Lansdell did not argue that the State had failed to prove the retaliation element set forth in subsection (a)(2) of the statute.
 

 In
 
 P.J.B. v. State,
 
 999 So.2d 581 (Ala. Crim.App.2008), this Court determined that the State had failed to prove a prima facie case of making a terrorist threat under 13A-10-15(a)(l)b. The evidence demonstrated that P.J.B. had told his school-bus driver that he wanted to burn a certain field that had no connection to the school and that P.J.B.’s principal then met with P.J.B. to talk about the threat. P.J.B. argued on appeal, and this Court found, that proof that the principal met with P.J.B. was not sufficient to prove that he caused a “disruption of school activities,” and that the State had therefore not established a prima facie case of making a terrorist threat. P.J.B. did not present any arguments about subsection (a)(2), and this Court did not discuss that subsection of the statute.
 

 This Court was not presented in
 
 Lansdell v. State
 
 or
 
 P.J.B. v. State
 
 with the specific issue whether an indictment charging a violation of § 13A-10-15 must include allegations of violations of both subsection (a)(1) and (a)(2), but we find it significant that the indictments in both of these cases charged only a violation of subsection (a)(1).
 

 We acknowledge that § 13A-10-15, Ala. Code 1975, is not a model of clarity.
 
 See Ex parte Soto,
 
 991 So.2d at 697 (Murdock, J., concurring specially)(“Strueturally, syntactically, and grammatically, § 13A-10-15(a), Ala.Code 1975, is nonsensical.”).
 
 See also Ex parte D.G.,
 
 994 So.2d 923 (Ala.2008) (Murdock, J., dissenting, joined by Cobb, C.J.) (“As I submitted in my special writing in
 
 Ex parte Soto,
 
 991 So.2d 691, 697 (Ala.2008) (Murdock, J., concurring specially): ‘Structurally, syntactically, and grammatically, § 13A-10-15(a), Ala.Code 1975, is nonsensical.’ ”) However,
 

 “ ‘[t]he inartificial manner in which many of our statutes are framed, the inaptness of expression frequently used, the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the lawgiver.’
 
 Cocciola et al. v. Wood-Dickerson Supply Co.,
 
 136 Ala. 532, 33 South. 856 [ (1903) ];
 
 Graham v.
 
 
 *837
 

 City of Mobile,
 
 [17 Ala.App. 19,] 81 South. 355 [ (1919) ].”
 

 State v. Dodd,
 
 17 Ala.App. 20, 21, 81 So. 356, 357 (1919).
 

 Reading the statute in context and applying the rules of statutory construction set forth above, and considering the cases from this Court in which allegations of only section (a)(1) have been involved, we hold that it is reasonable to conclude that the legislature intended subsections (a)(1) and (a)(2) to present alternative, exclusive methods of violating the statute. We conclude that a violation of section (a)(1) occurs if one person threatens another person and either intentionally or recklessly causes one of the results enumerated in (a)(l)a., (a)(l)b., or (a)(l)c. A person violates (a)(2) if he threatens another person with intent to retaliate against one of the people enumerated in either (a)(2)a. or (a)(2)b. If the statute were interpreted differently, that is, to require allegations and proof of both (a)(1) and (a)(2), that interpretation would permit a charge of threatening to commit a crime of violence or to damage property by
 
 recklessly
 
 terrorizing another person, causing the disruption of school activities, or causing the evacuation of certain buildings or other serious public inconvenience,
 
 with the intent to retaliate.
 
 This interpretation would be internally inconsistent and illogical, and it would violate one of the cardinal rules of statutory construction that favors rational and sensible interpretation of a statute. We note, too, that except in the most extraordinary circumstances one could not disrupt school activities or cause the evacuation of a building with the intent to retaliate against a witness or some other statutorily described victim. Therefore, the interpretation urged by Garner and applied by the trial court is not logical or sensible, and it fails to harmonize the provisions of the statute. A court “may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.
 
 John Deere Co. v. Gamble,
 
 523 So.2d 95, 96-97 (Ala.1988), quoting from
 
 Clark v. Houston County Comm'n,
 
 507 So.2d 902, 903-04 (Ala.1987).”
 
 Volkswagen of America, Inc. v. Dillard,
 
 579 So.2d 1301, 1305 (Ala.1991). We note, moreover, that “[t]he legislature will not be presumed to have done a futile thing in enacting a statute.”
 
 Ex parte Watley,
 
 708 So.2d 890, 893 (Ala. 1997).
 

 For the foregoing reasons, we hold that the trial court incorrectly determined that § 13A-10-15, charging making a terrorist threat, requires that both of the elements set forth in (a)(1) and (a)(2) must be charged in the indictment. The indictment against Garner tracked the language of the statute, and it was sufficient to charge Garner with making a terrorist threat.
 
 E.g., Smith v. State,
 
 797 So.2d 503, 514 (Ala.Crim.App.2000). Therefore, we reverse the trial court’s judgment dismissing the indictment against Garner, and we remand the cause for further proceedings.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.