This case is on appeal following a finding of guilt, and an order issued by the Baldwin District Court denying Kenneth Earl Davis's motion to dismiss his case for lack of jurisdiction and certifying a question of law for consideration by this court. See Rule 30.2(2), Ala.R.Crim.P.
The pertinent facts are as follows: On January 29, 2000, the appellant, Kenneth Earl Davis, was issued a traffic ticket charging him with driving under the influence of alcohol, a violation of §32-5A-191(a)(2), Ala. Code 1975. On February 29, 2000, the case was sent to the Baldwin County grand jury; the grand jury returned an indictment charging the appellant with felony DUI, misdemeanor DUI, and driving while his license was revoked. On May 24, 2000, Davis entered a plea of not guilty and a waiver of arraignment. On July 5, 2000, the State filed a motion to remand the case to the district court on grounds that, although "it has been determined that while the defendant may have three prior DUI convictions, they are not documented in such a manner that said conviction would be admissible in Circuit Court." On July 6, 2000, the circuit court, pursuant to the State's motion to remand, transferred the case to the district court, after dismissing the felony count. On August 22, 2000, the appellant's trial counsel filed a motion in the district court to dismiss, stating as grounds that, because the appellant was indicted by the Baldwin County grand jury, jurisdiction was with the circuit court, not with the district court. The district court denied the motion to dismiss. The appellant stipulated to a prima facie case, and the district court found the appellant guilty and certified the following question of law as the sole issue on appeal:
 "When a DUI case and its companion cases(s) (if any) are sent to the Grand Jury for consideration, and that Grand Jury returns an indictment for one count of Felony DUI and one count of Misdemeanor DUI, and in a Circuit Court proceeding it is determined that the State cannot prove three proper prior convictions for enhancement purposes, and if the Circuit Court then enters an Order remanding the case for prosecution in the District Court, does the District Court have jurisdiction to hear the case or does jurisdiction remain in the Circuit Court for prosecution of the misdemeanor count(s)?
 "This Court further notes that the attorneys for the parties (D.Robert Stanfoski for the State and Gregory B. Dawkins for the Defendant) have orally stipulated before this Court that only questions of law are involved."
Pursuant to Rule 30.2, Ala.R.Crim.P., this question is properly before this court.
In Ex parte Formby, 750 So.2d 587, 590 (Ala. 1999), the Alabama Supreme Court held that prosecutions for felony DUI offenses are to be initiated in the circuit court, stating that "the Legislature's enactment of § 32-5A-191(h) made jurisdiction over a fourth or subsequent DUI charge appropriate in the circuit court, because the offense charged . . . is a felony." As the Supreme Court noted in Ex parte Formby, the indictment, in and of itself, acts as notice to the defendant that the State is invoking the circuit court's jurisdiction to impose, upon conviction for a violation of § 32-5A-191(a), the felony punishment mandated by § 32-5A-191(h). In Casey v. State, 740 So.2d 1136
(Ala.Crim.App. 1998), this Court addressed the defendant's argument that the circuit court did not have subject-matter jurisdiction to hear his case because, immediately before trial, the indictment charging him with felony DUI had been nol-prossed. The defendant argued that, although all of the *Page 406 
charges against him had been returned by indictment, because the remaining charges were misdemeanors, jurisdiction over his case rested exclusively with the Foley Municipal Court. This Court in Casey held that the dismissal of a felony-DUI charge against a defendant did not strip the circuit court of jurisdiction over the remaining misdemeanor charges, and, therefore, that in the interest of judicial economy, that court could accept the defendant's guilty pleas to the misdemeanor offenses that had resulted from the same incident as the felony DUI with which he had been originally charged. See § 12-11-30, Ala. Code 1975:
 "The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . ."
See McDuffie v. State, 712 So.2d 1118 (Ala.Crim.App. 1997); Ross v.State, 529 So.2d 1074, 1078 (Ala.Crim.App. 1988) ("the [subject-matter] jurisdiction of the court, in felony cases, rests upon utilization of a grand jury indictment or information"); Coral v. State, 551 So.2d 1181
(Ala.Crim.App. 1989) (circuit court acquires personal jurisdiction by indictment.) See also Rule 2.2(a), Ala.R.Crim.P. ("All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may hold preliminary hearings with respect to felony charges.").
Additionally, in State v. Shaver, [Ms. CR-98-1332, October 29, 1999], ___ So.2d ___ (Ala.Crim.App. 1999), this Court provided a brief history of the procedures used in the municipal, district, and circuit courts for a defendant who has committed a fourth or subsequent DUI offense:
 "When a law enforcement officer issues a ticket for a DUI offense, the person is charged with the misdemeanor violation of DUI. See § 32-5A-191(a). Typically, between the time the ticket is issued and comes to trial in the municipal or district court (see § 12-12-51, establishing the jurisdiction of the municipal or district court for misdemeanor prosecutions for traffic offenses), the state, county, or municipal officer runs a driving history on the person to determine if the person has previously been conviction of DUI. If the charged offense is not
the person's fourth or subsequent DUI offense, the municipal or district court allows the person either to waive an attorney and trial and to plead guilty to the offense, or to request an attorney, in which event the case is set for trial. If the present DUI charge may result in a fourth or subsequent DUI conviction, then the municipal or district court typically transfers the case to the district attorney's office for presentation to a grand jury. The return of an indictment invokes the jurisdiction of the circuit court so that the felony punishment mandated in § 32-5A-191(h) could be imposed; disposition of the case occurs in circuit court. If the circuit court concludes before trial that the defendant does not have three or more prior DUI convictions that could be used as enhancement to invoke the felony punishment, circuit courts dispose of the indictment in different ways. If the defendant is willing to plead guilty, some circuit courts in the interest of judicial economy accept a misdemeanor plea and *Page 407 
impose the appropriate sentence. See Casey v. State, 740 So.2d 1136 (Ala.Crim.App. 1998). See also § 32-5A-191(e), (f), and (g), Ala. Code 1975. Other circuit courts dismiss the indictment, on the basis that it was fatally defective. Still others transfer the case to the lower court for disposition. If the circuit court determines that the defendant has three or more prior DUI convictions that could be used as enhancement to invoke the felony punishment, the circuit court either allows the defendant to plead guilty to the charged DUI and imposes the felony punishment or, if the defendant desires a trial, the circuit court, sitting either with or without a jury, conducts a trial. If the defendant is convicted, the circuit court imposes the felony punishment."
Id. (Footnotes omitted.) (Second emphasis added.)
We answer the certified question as follows. When the grand jury returns an indictment against a defendant charging him with felony DUI and with misdemeanors, the jurisdiction of the circuit court is invoked. A subsequent dismissal of the felony DUI charge does not divest the circuit court of its jurisdiction over the misdemeanor charges, i.e., if a defendant is willing, the court may accept his guilty pleas and impose an appropriate sentence. The circuit court may also dismiss the indictment, on the basis that it is fatally defective. Lastly, the circuit court may transfer the case to the district court for disposition of any remaining misdemeanor charges.
In light of the record in this case, including the State's motion to remand, and our dicta in Shaver, supra, the circuit court did not err in transferring the case to the district court for disposition.
AFFIRMED.
Cobb and Wise, JJ., concur.
Baschab, J., concurs in the result.
Shaw, J., concurs in the result, with opinion.