On Rehearing Ex Mero Motu
This Court's opinion of April 27, 2001, is withdrawn and the following is substituted therefor.
John Mark Dutton was convicted in the Circuit Court of Morgan County of driving under the influence ("DUI"), a misdemeanor. At the time of the offense, Dutton had had four prior DUI convictions within the five-year period preceding the offense. Thus, under § 32-5A-191(h), he would have been sentenced for a Class C felony if he was convicted of the offense. However, by the time he was indicted, because of the lapse of time between the offense and the indictment, the earlier DUI convictions were no longer within that immediately preceding five-year period, and this offense was then his third conviction within a five-year period. Dutton pleaded guilty to misdemeanor DUI on September 25, 2000; he was sentenced to one year in the Morgan County jail and was ordered to pay a $200 fine and court costs. On appeal, Dutton argues that the Morgan Circuit Court did not have subject-matter jurisdiction to accept his guilty plea to misdemeanor DUI. The State acknowledges that the Morgan Circuit Court did not have subject-matter jurisdiction to accept Dutton's guilty plea for misdemeanor DUI.
Dutton was arrested for the present DUI on February 12, 1997. At the time of his arrest, under § 32-5A-191(h), Ala. Code 1975, a defendant convicted of a fourth DUI conviction within a five-year period was guilty of a Class C felony.[1] However, § 32-5A-191(h), Ala. Code 1975, has been interpreted to mean that the date of conviction, rather than the date of the offense or the arrest, controls for enhancement purposes.See State v. Brooks, 701 So.2d 56, 57 (Ala.Crim.App. 1996).
The Decatur Municipal Court transferred the case to the Morgan County Circuit Court on January 16, 1998. The *Page 598 
grand jury returned a felony DUI indictment for this offense on May 26, 1999, and Dutton pleaded guilty on September 25, 2000. At the time of Dutton's indictment and at the time of his conviction, only two of his prior DUI convictions were within five years of the current DUI conviction. Therefore, the indictment charged only a misdemeanor DUI. InBlevins v. State, 747 So.2d 914 (Ala.Crim.App. 1998), this Court held that a circuit court has no jurisdiction when an indictment alleges only a misdemeanor; rather "the district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even when an indictment has been returned (except ordinance infractions prosecuted in municipal court)." Id. at 916, citing Wright v. State,494 So.2d 177, 179 (Ala.Crim.App. 1986).[2] Rule 2.2, Ala.R.Crim.P., is consistent with this interpretation. Rule 2.2 provides, in pertinent part:
 "(a) Felonies. All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may hold preliminary hearings with respect to felony charges.
 "(b) Misdemeanors and Ordinance Violations. All misdemeanor offenses (including an indictment charging a traffic infraction) shall be prosecuted originally in district court or, where adopted as municipal ordinance violations, municipal court, except:
 "(1) Misdemeanors for which an indictment has been returned by a grand jury.
 "(2) Misdemeanors that are lesser included offenses within a felony charge as to which concurrent jurisdiction as described in Rule 2.2(a) has not been exercised.
 "(c) Transfer of Cases. Cases filed in a court that does not have original trial jurisdiction of the offense charged shall be transferred to the appropriate court as provided in Ala. Code 1975, § 12-11-9."
The indictment against Dutton charges a misdemeanor DUI offense because it shows the present DUI offense is Dutton's third conviction within a five-year period. Therefore, the municipal court of Decatur had exclusive original jurisdiction over the misdemeanor DUI, not the Morgan Circuit Court. The State acknowledges that Morgan Circuit Court did not have original jurisdiction over the misdemeanor DUI. Accordingly, Dutton's conviction must be reversed.
This Court's finding that the circuit court lacked subject-matter jurisdiction necessarily leads to the finding that jeopardy did not attach. "It is essential to constitute jeopardy that the court in which the accused is put upon his trial shall have jurisdiction. If it is without jurisdiction, there can be no valid conviction, and hence there is no jeopardy." Benjamin F. Cox v. State, 585 So.2d 182, 192
(Ala.Crim.App. 1991) (quoting Anthony G. Cox v. State, 462 So.2d 1047,1051 (Ala.Crim.App. 1985)). Therefore, the reversal of the conviction in this case would not *Page 599 
preclude the revival of the original traffic case based on the ticket for DUI.
We note, furthermore, that although § 15-3-2, Ala. Code 1975, requires that the prosecution of all misdemeanor offenses before a circuit or district court be commenced within 12 months of the commission of the offense, the issuance of a valid Uniform Traffic Ticket and Complaint tolls the limitations period for the purpose of the commencement of the prosecution of misdemeanors. See Hastings v. State,589 So.2d 795 (Ala.Crim.App. 1991.)
Therefore, we reverse Dutton's conviction and remand the cause to the Morgan Circuit Court for that court to dismiss the indictment in this case as fatally defective. See Davis v. State, 807 So.2d 404
(Ala.Crim.App. 2001) (the circuit court may dismiss an indictment on the basis that it is fatally defective). The circuit court should notify the Decatur Municipal Court that it should reassume jurisdiction of this cause because our reversal of the conviction does not preclude the revival of the original traffic case based on the ticket for DUI.[3]
Accordingly we must reverse the judgment against Dutton and remand this to the circuit court for that court to notify the Decatur Municipal Court to reassume jurisdiction.
OPINION OF APRIL 27, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
McMillan, P.J., and Wise, J., concur; Shaw, J., concurs specially, with opinion, which Baschab, J., joins.
[1] The Alabama Legislature removed the "within-five-years" provision of the DUI statute effective October 1, 1997. Act No. 97-556, Ala. Acts 1997. However, because Dutton was arrested in February 1997, his conviction must be reviewed under the statute in force at that time.
[2] In McDuffie v. State, 712 So.2d 1118 (Ala.Crim.App. 1998), this Court noted that, although Wright was decided before § 32-5A-191
provided a felony penalty for driving under the influence, Wright "remains in force as to defendants charged with the misdemeanor offense of driving under the influence." 712 So.2d at 119 n. 2.
[3] Our circuit courts have taken different approaches to disposing of similar cases in the past. As we have noted previously, some courts have dismissed the indictment on the basis that it was fatally defective while other courts have transferred the case to the lower court for disposition. Davis v. State, 806 So.2d 404 (Ala.Crim.App. 2001), Statev. Shaver, [Ms. CR-98-1332, October 29, 1999] ___ So.2d ___ (Ala.Crim.App. 1999). In the past, this Court has remanded similar cases to the circuit court for that court to remand the case to the district or municipal court. See Blevins v. State, 747 So.2d 914, 916 (Ala.Crim.App. 1998), Eskridge v. State, 709 So.2d 1348, 1351 (Ala.Crim.App. 1997), andWright v. State, 494 So.2d 177, 180 (Ala.Crim.App. 1986) (rev'd on other grounds). It is obvious that our criminal and appellate procedure rules do not provide the procedure for a transfer of a case from circuit court to municipal court. We believe that the above procedure should address the concerns of trial courts with similar jurisdictional dilemmas.