I concur based on my opinion concurring in the result in Davis v.State, 806 So.2d 404 (Ala.Crim.App. 2001). I write specially to point out the fundamental difference between Davis and the present case. In Davis, the district court certified the following question to this Court:
 "`When a DUI case and its companion case(s) (if any) are sent to the Grand Jury for consideration, and that Grand Jury returns an indictment for one count of Felony DUI and one count of Misdemeanor DUI, and in a Circuit Court proceeding it is determined that the State cannot prove three proper prior convictions for enhancement purposes, and if the Circuit Court then enters an Order remanding the case for prosecution in the District Court, does the District Court have jurisdiction to hear the case or does jurisdiction remain in the Circuit Court for prosecution of the misdemeanor counts?'"
806 So.2d at 405. The main opinion in Davis noted: "On July 5, 2000, the State filed a motion to remand the case to the district court on grounds that, although it has been determined that while the defendant may havethree prior DUI *Page 600 convictions they are not documented in such a manner that saidconvictions would be admissible in Circuit Court." 806 So.2d at 405. (Emphasis added.) Therefore, the question certified to this Court inDavis was based on the underlying premise that the defendant had been charged, in a valid indictment, with felony DUI and that that indictment had invoked the jurisdiction of the circuit court.[4] The question posed sought clarification only as to what jurisdiction the circuit and district courts had over the case once it became apparent that the statewould not be able to prove a felony DUI. Based on the question presented, I wrote in my special writing:
 "For the foregoing reasons, I would hold that a district court has jurisdiction to receive guilty pleas on lesser included misdemeanor charges and misdemeanor charges that relate to the felony charge and to impose sentence. If Davis had wished to go to trial on the misdemeanor charge, the case should have been transferred back to the circuit court. However, Davis entered a guilty plea in the district court and, as I noted above, the district court did, in my view, have concurrent jurisdiction with the circuit court to receive a guilty plea on the remaining misdemeanor charge and to sentence accordingly. For the foregoing reasons, I agree that the district court's order denying Davis's motion to dismiss is due to be affirmed."
806 So.2d at 411.
In the present case, the State concedes that Dutton's indictment, on its face, does not charge felony DUI; therefore, the indictment did not invoke the circuit court's jurisdiction. As the Court notes, the indictment charged Dutton with only misdemeanor DUI; accordingly, exclusive jurisdiction over this case is vested in the Decatur Municipal Court. Therefore, because the circuit court lacked jurisdiction over the case, Dutton's conviction must be reversed.
I note, however, that the indictment does charge the offense of misdemeanor DUI. "In misdemeanor traffic cases, the UTTC is the formal charging instrument, analogous to an indictment and conferring original subject matter jurisdiction on the district or municipal court, and on the circuit court in the case of a de novo appeal." Stoll v. State,724 So.2d 90, 91 (Ala.Crim.App. 1998). However, in Ex parte Russell,643 So.2d 963, 965 (Ala. 1994), the Alabama Supreme Court held: "A complaint instituting a criminal prosecution and authorizing an arrest is `superseded' by the subsequent return of an indictment addressed to the same set of operative facts." The Supreme Court went on to state that the "original charging instrument" in that case was "nullified" by the subsequent indictment. Id. at 965. "A UTTC . . . is a complaint." Vancev. City of Hoover, 565 So.2d 1251, 1253 (Ala.Crim.App. 1990). Therefore, it appears to me that prosecution of Dutton on the misdemeanor DUI charge should logically proceed in Decatur Municipal Court pursuant to the indictment. See Rule 2.2(b), Ala.R.Crim.P., and the Committee Comments thereto. However, my research has disclosed no statute or court rule that would authorize the circuit court to transfer the case to the municipal court. Although the omission of such authority from Rule 2.2(c), Ala.R.Crim.P., may have been inadvertent, the rule is nonetheless clear on its face. Therefore, I can see no alternative but to instruct the circuit court to dismiss the indictment, so that the case may then *Page 601 
proceed in the municipal court pursuant to the UTTC.
[4] Count I of Davis's indictment charged a violation of "§32-5A-191(h) of the Code of Alabama, in that [Davis] has been convicted of three or more offenses of Driving Under the Influence."