BASCHAB, Judge.
On May 1, 2002, the appellant, Kelvin Dale Bolán, pled guilty to felony driving under the influence (“felony DUI”). The trial court sentenced him to serve a term of seven years in prison. He did not appeal his conviction. On November 4, 2002, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily dismissed the ■ petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because it allegedly improperly used five of his seven prior DUI convictions to enhance his sentence. Specifically, he contends that the trial court should not have used the convictions because he was not represented by counsel in those cases and because the State did not prove that he waived the right to counsel in those cases. The appellant also argues that his trial counsel rendered ineffective assistance because he did not investigate and object to the use of the allegedly invalid prior convictions. These claims may be meritorious. See Farley v. City of Montgomery, 677 So.2d 1251 (Ala.Crim.App.1995); Moon v. City of Montgomery, 536 So.2d 139 (Ala.Crim.App.1988). However, in its order dismissing the petition, the circuit court did not address any of the appellant’s claims. ' Therefore, the State requests that we remand this case for the circuit court to make specific, written findings of fact regarding the appellant’s claims.
Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact concerning the appellant’s claim that the trial court improperly used five uncounseled prior DUI convictions to enhance his sentence and his claim that his trial counsel rendered ineffective assistance with respect to investigating and objecting to the prior DUI convictions. With regard to the claim that the trial court improperly used uncounseled prior *881 DUI convictions to enhance his sentence, we note:
“The State, in order to use a prior DUI misdemeanor conviction to enhance a defendant’s DUI sentence, need not prove that in the earlier proceeding the defendant was represented by counsel or knowingly and voluntarily waived counsel, if in the prior proceeding the defendant did not receive a jail term.”
State v. Thrasher, 783 So.2d 103, 106 (Ala. 2000). On remand, the circuit court may require the State to respond to the appellant’s contentions and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.