Terry Lee Pruitt was indicted for two counts of driving under the influence ("DUI"). The first count charged that Pruitt had "unlawfully operate [d] a motor *Page 404 
vehicle on a public street or road in Sumter County, to-wit: County Road 13 while under the influence of alcohol and having been convicted of three prior offenses of driving under the influence, in violation of [§] 32-5A-191(a)(2) of the Code of Alabama." (C. 31.) The second count of the indictment charged that Pruitt had "unlawfully operate[d] a motor vehicle on a public street or road in Sumter County, to-wit: County Road 13 while there was 0.08% or more of alcohol by weight in his blood, in violation of [§] 32-5A-191(a)(1) of the Code of Alabama." (C. 31.) During the State's case-in-chief, the prosecutor stated that he was "electing to proceed under the .08 charge that he was charged with in the alternative." (R. 26.) A jury convicted Pruitt of driving under the influence as charged in count two of the indictment. Having three prior DUI convictions, Pruitt was sentenced as a felon to a year and a day in jail. The trial court suspended the sentence and ordered Pruitt to serve 90 days in jail followed by probation. Pruitt was ordered to pay a $4,100 fine, to attend classes held for DUI offenders, and to pay court costs. This appeal followed.
Pruitt raises five issues on appeal.
 I.
Pruitt contends that the trial court erred when it denied his motion to dismiss the indictment. Specifically, Pruitt claims that there was a fatal variance between the allegations in the indictment and the proof at trial because the evidence at trial showed that Pruitt's arrest for DUI occurred while he was driving on County Road 34 but the indictment charged him with DUI while driving on County Road 13. We disagree.
In Lunceford v. City of Northport, 555 So.2d 246
(Ala.Crim.App. 1988), this Court held that words in a complaint describing where an alleged offense occurred are surplusage because the precise location is not a requisite element of proof under the indictment.
 "`It is not necessary to allege in a complaint, or indictment, where the offense was committed. This is a matter of proof, and upon the trial of a cause it must be proved that the offense complained of was committed within the jurisdiction of the court where the case is being tried.'"
555 So.2d at 250, quoting Hammonds v. City of Tuscaloosa,21 Ala.App. 286, 287, 107 So. 786, 787-88 (1926). Thus, proof that the offense was committed on a different county road than the road named in the indictment does not constitute a material variance. All that is required is that the State prove that the offense occurred within the trial court's jurisdiction, which it did in this case. Therefore, Pruitt is not entitled to relief on this ground.
 II.
Pruitt claims that his sentence was improperly enhanced. Specifically, Pruitt contends that because the State did not prove that he voluntarily waived his right to counsel during one of his prior DUI convictions, the trial court could not use the prior conviction to enhance his sentence.
 "`The State, in order to use a prior DUI misdemeanor conviction to enhance a defendant's DUI sentence, need not prove that in the earlier proceeding the defendant was represented by counsel or knowingly and voluntarily waived counsel, if in the prior proceeding the defendant did not receive a jail term.'"
Bolan v. State, 872 So.2d 879, 881 (Ala.Crim.App. 2003), quoting State v. Thrasher, 783 So.2d 103, 106 (Ala. 2000). The record reveals that Pruitt did not receive a jail *Page 405 
term for the prior conviction he challenges. Therefore, the State was not required to prove that Pruitt knowingly and voluntarily waived counsel at the prior proceeding in order for it to use the conviction to enhance his sentence. See Bolan.
Moreover, the record indicates that Pruitt and the trial court both signed a waiver-of-counsel form during the guilty plea proceedings that resulted in the prior conviction. The only defect in the waiver was that the trial judge did not indicate by checking a box whether he was accepting or denying the waiver. However, by accepting Pruitt's guilty plea on the same date as the waiver form was signed, the trial court apparently accepted Pruitt's waiver of counsel. Thus, there was sufficient proof that Pruitt knowingly and voluntarily waived his right to counsel at the prior proceeding, even if the State had been required to prove the waiver.
 III.
Pruitt contends that the circuit court lacked subject-matter jurisdiction over his case. Pruitt argues that once the State elected to proceed under count two of the indictment, which he argues charged a misdemeanor, the case was under the exclusive jurisdiction of the district court. When an indictment charges a felony, it invokes the jurisdiction of the circuit court. § 12-11-30(2), Ala. Code 1975; Casey v. State, 740 So.2d 1136
(Ala.Crim.App. 1998). A dismissal of the felony count does not remove the circuit court's jurisdiction over a misdemeanor count when the misdemeanor count arises from the same incident as the felony count. Id. Because the misdemeanor count arose from the same incident as the felony count, the circuit court retained its jurisdiction when the State elected to proceed under the misdemeanor count. Therefore, Pruitt is not entitled to any relief on this ground.
 IV.
Pruitt claims that the indictment was fatally defective because it charged two separate offenses arising out of the same conduct, thereby violating the principle of double jeopardy. An indictment may charge the same offense in alternative counts. Dake v.State, 675 So.2d 1365 (Ala.Crim.App. 1995). However, the appellant can be convicted of only one of the counts. Id.
Pruitt received only one conviction. Therefore, no double jeopardy principles were violated. Pruitt's claim is without merit.
 V.
Pruitt claims that his sentence is excessive because, he says, it falls outside the statutory range for a misdemeanor DUI. We agree. During its case-in-chief, the State informed the court that it would proceed under count two of the indictment. Count one charged Pruitt with driving under the influence of alcohol after having been previously convicted of three DUIs. Count two charged Pruitt with driving with "0.08 percent or more by weight of alcohol in his or her blood." (C. 31.) The State, when it made the election to proceed under count two, appeared to be choosing the method of proof under which it intended to establish its case. The State presented the jury with evidence of Pruitt's prior convictions before the jury.[1] The trial court sentenced Pruitt using three prior DUI convictions, thereby adjudging him guilty of a felony. Pruitt contends that *Page 406 
because count two of the indictment under which the State proceeded at trial charged him with only a misdemeanor, the trial court erred when it adjudged him guilty of a felony.
Although the jury should not be presented with evidence of the defendant's prior DUI convictions, "the indictment should put [the defendant] on notice that he is being charged with a violation of § 32-5A-191(a)(2), made a felony by § 32-5A-191(h)[, Ala. Code 1975]." Ex parte Formby, 750 So.2d 587, 590 (Ala. 1999). Thus, because count two did not refer to the pertinent section of the DUI statute and did not put Pruitt on notice that this count was charging him with a felony, it was insufficient to charge felony DUI. However, count two was sufficient to charge misdemeanor DUI. Thus, because count two of the indictment charged Pruitt merely with misdemeanor driving under the influence of alcohol, it will not support a conviction for felony DUI.
"Matters concerning unauthorized sentences are jurisdictional."Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994). Therefore, even though Pruitt did not raise the issue in the trial court, we must address his claim on appeal. See Pender v.State, 740 So.2d 482 (Ala.Crim.App. 1999). Because count two of the indictment did not charge Pruitt with a felony, the trial court must vacate Pruitt's conviction for felony DUI. However, because this is Pruitt's fourth DUI conviction, he is eligible pursuant to § 32-5A-191(g), Ala. Code 1975, to "be punished by a fine of not less than two thousand one hundred dollars ($2,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year."
Accordingly, we remand this cause to the trial court with directions for that court to vacate Pruitt's conviction for felony DUI and to adjudge him guilty of misdemeanor DUI in accordance with count two of the indictment. We further order the trial court to resentence Pruitt on his conviction for driving under the influence in accordance with § 32-5A-191(g), Ala. Code 1975. Due return should be filed with this Court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] Pruitt did not object at the trial court and does not raise any issues concerning this fact on appeal. However, we must note that evidence of prior DUI convictions are not to be presented to the jury. The prior convictions are to be used — and evidence of them admitted — only during the sentencing phase. Ex parteParker, 740 So.2d 432 (Ala. 1999).