WELCH, Judge.
 

 Ocie McMullen pleaded guilty to driving under the influence of alcohol (“DUI”), a violation of § 82-5A-191(a), Ala.Code 1975. Because McMullen had three prior convictions for DUI, the trial court enhanced his conviction and sentence to felony DUI and sentenced McMullen to six years’ imprisonment. The trial court also fined McMul-len $4,100.
 

 Before McMullen entered his plea, he moved to dismiss the indictment alleging felony DUI. In support of his motion, McMullen argued that the recently enacted amendment to § 32-5A-191, effective April 28, 2006, limited the DUI convictions that could be considered for enhancement purposes to those that occurred within five years of the conviction for the offense being prosecuted. § 32-5A-191(o), Ala.Code 1975. The trial court denied McMullen’s motion and sentenced him as a felony DUI offender.
 

 On appeal, McMullen does not dispute the facts giving rise to his conviction. He argues only that the trial court erred in applying his' previous convictions, which occurred more than five years before his conviction in this case, to enhance his sentence under the felony sentencing provision, § 32-5A-191(h).
 

 This Court recently addressed this issue in
 
 Hankins v. State,
 
 989 So.2d 610 (Ala.Crim.App.2007). In
 
 Hankins,
 
 we held that in
 

 “[a]pplying the rules of statutory construction, ... including the rule of lenity, we have no choice but to hold that by amending subsection (o) in the 2006 amendment to § 32-5A-191, the legislature has restricted the use of prior DUI convictions for sentencing purposes to only those convictions that occurred within the five-year period immediately preceding the current conviction.”
 

 Id.
 
 at 623.
 

 In this case, the record shows that McMullen was arrested for DUI on May 13, 2006. He entered his guilty plea and was sentenced on December 4, 2006. At the plea hearing, the State introduced evidence of McMullen’s three prior DUI convictions for the trial court to consider under the felony sentencing provision of the DUI statute. § 32-5A-191(h).
 

 The courts and dates of the three DUI convictions the State proved for purposes of enhancement were: (1) the Pickens District Court on June 7, 1995; (2) the Pick-ens District Court on June 11, 1997; and (3) the Pickens Circuit Court on November
 
 *933
 
 13, 1998. Each of the convictions used to enhance McMullen’s conviction and sentence in this case occurred outside the five-year period immediately preceding his conviction for this offense. Therefore, the trial court erred in considering those convictions for enhancement purposes in this case.
 

 Therefore, for the reasons stated above, we affirm McMullen’s conviction for DUI pursuant to § 32-5A-191(a); however, we remand this cause to the circuit court with directions for that court to hold a new sentencing hearing giving the State the opportunity to present evidence of prior DUI convictions that may properly be used to enhance McMullen’s sentence. The return to remand shall be filed with this Court within 42 days from the date of this opinion.
 

 AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.