PER CURIAM.
The appellant, William Lyle Marshall, pleaded guilty to felony driving under the influence (“DUI”), a violation of §§ 32-5A-191(a) and 32-5A-191(h), Ala.Code 1975. He was sentenced to five years in prison and was fined $4,100. This appeal followed.
On July 28, 2006, Marshall was arrested and charged with DUI. In April 2007, Marshall was indicted for felony DUI based on his three prior DUI convictions that had occurred in August 1998, February 2004, and February 2005. Marshall filed a motion in limine seeking to have the court exclude the August 1998 conviction from sentencing consideration because, he argued, the conviction occurred more than five years before the current DUI. The circuit court denied the motion. Marshall then pleaded guilty to felony DUI, specifically reserving his right to appeal the question whether the circuit court properly included the 1998 DUI conviction in sentencing him.
On appeal, Marshall argues that the circuit court improperly used his 1998 conviction, which was more than five years old, to enhance his DUI conviction to a felony and, further, that the circuit court had no jurisdiction to sentence him for misdemeanor DUI.
The State agrees that the circuit court improperly sentenced Marshall as a felon. It relies on this Court’s recent case of Hankins v. State, 989 So.2d 610, 623 (Ala.Crim.App.2007), in which we stated:
“[W]e have no choice but to hold that by amending subsection (o) in the 2006 amendment to § 32-5A-191, the legislature has restricted the use of prior DUI convictions for sentencing purposes to only those convictions that occurred within the five-year period immediately preceding the current conviction.”
Marshall was arrested for the current DUI offense on July 28, 2006. The DUI statute was amended effective April 28, 2006. Thus, Marshall has the benefit of the amendment to the DUI law.[1]
According to our holding in Hankins, the circuit court could consider only those convictions that occurred within five years before the current DUI conviction. Thus, the court erroneously considered Marshall’s 1998 DUI conviction to enhance his current DUI conviction to a felony. The question now becomes did the circuit court *1185 have jurisdiction to accept Marshall’s plea to the misdemeanor DUI offense and to sentence him for a misdemeanor?
Traditionally, we have looked at an indictment to determine whether a court had jurisdiction over a particular offense. However, in Ex parte Seymour, 946 So.2d 536, 538-39 (Ala.2006), the Alabama Supreme Court held:
“Under the Alabama Constitution, a circuit court ‘shall exercise general jurisdiction in all cases except as may be otherwise provided by law.’ Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that ‘[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions .... ’ § 12-11-30, Ala.Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala.Code 1975. As a result, the State’s prosecution of Seymour for that offense was within the circuit court’s subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.
[[Image here]]
“The validity of Seymour’s indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim.P. — or even constitutional error, see Ala. Const., Art. I, § 8 — but the defect does not divest the circuit court of the power to try the case....
[[Image here]]
“We hold that a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment. To the extent that [Ex parte] Lewis, [811 So.2d 485 (Ala.2001),] Ash [v. State, 843 So.2d 213 (Ala.2002) ], and other Alabama cases have held to the contrary, they are overruled.”
In light of Seymour we must now look to Alabama law to determine whether a court has jurisdiction over a case.
Article II, § 142(b), Ala. Const. (Off.Recomp.) (formerly Amendment No. 328, § 6.04(b)), Ala. Const.1901, states, in part: “The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” Section 12-11-30(2), Ala.Code 1975, states:
“The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death.”
Rule 2.2(a), Ala.R.Crim.P., states:
“All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may hold preliminary hearings with respect to felony charges.”
The indictment returned against Marshall stated:
“William Lyle Marshall, whose name is otherwise unknown to the Grand Jury other than as stated, did drive or be in actual physical control of a vehicle while, (1) there was 0.08 percent or more by weight of alcohol in his blood; or (2) under the influence of alcohol or (3) *1186 under the influence of a controlled substance to a degree which rendered him incapable of safely driving; or (4) under the combined influence of alcohol and a controlled substance to a degree which rendered him incapable of safely driving; in violation of § 32-5A-191(a) of the Code of Alabama and § 32-5A-191(h) of the Code of Alabama, in that he has been convicted of three or more offenses of driving under the influence.”
Section 32-5A-191(a), Ala.Code 1975, provides, in pertinent part:
“A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol;
“(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
“(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
“(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.”
Section 32-5A-191(h), Ala.Code 1975, provides, in pertinent part:
“On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years.”
The Alabama Supreme Court in Ex parte Parker, 740 So.2d 432 (Ala.1999), specifically addressed whether § 32-5A-191(h) created a new substantive felony DUI offense or was merely a sentencing enhancement statute. The Supreme Court stated:
“Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of a separate offense. Furthermore, the substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a)....
[[Image here]]
“The fundamental difference between subsection (h) and subsections (e), (f), and (g) is that subsection (h) makes the fourth conviction punishable as a felony. The State argues that subsection (h) is significantly different from subsections (e), (f), and (g) because subsection (h) changes the offense from a misdemeanor to a felony. ... Subsection (h), while increasing the severity of the punishment, does not alter the substantive offense set out in subsection (a).
“Moreover, we are not persuaded by the State’s contention that the phrase ‘a person [convicted a fourth time] shall be guilty of a Class C felony and punished’ (emphasis added) evidences a legislative intent to establish a substantive offense in subsection (h). Contrary to the State’s argument, the legislative intent as we perceive that intent to be, supports our interpretation of subsection (h) as providing for sentence enhancement, rather than as stating the elements of an offense. The title to Act No. 94-590, Ala. Acts 1994, the act that added the former subsection (f) that is now (h), indicates clearly that the legislature intended, by adopting that subsection, to *1187 create an enhancement provision and not to create a separate substantive offense. The title reads as follows:
“ ‘AN ACT to amend Section 32-5A-191, Code of Alabama 1975, relating to the offense of driving under the influence of alcohol and drugs to increase the penalties and sanctions for a fourth and subsequent conviction.’
“(Emphasis added.) The title, which explains in general terms the purpose of the enactment, supports Parker’s argument that the subsection is directed toward providing additional punishment rather than creating a separate substantive offense.”
740 So.2d at 434-35.
According to Alabama law the circuit court retains jurisdiction of a misdemeanor when: (1) the misdemeanor is a lesser-included offense of the charged felony; or (2) the misdemeanor arose out of the same incident as the felony. See § 12-11-30(2), Ala.Code 1975.
In Parker, the Supreme Court resolved the issue whether misdemeanor DUI is a lesser included offense of felony DUI. The Supreme Court held that the prior convictions are to be admitted only during the sentencing hearing because the prior convictions are not substantive elements of the DUI offense. Because the prior convictions are not elements of the offense, misdemeanor DUI cannot be a lesser-in-eluded offense of felony DUI. The offenses are identical; the difference relates only to sentencing.
This Court in Pruitt v. State, 897 So.2d 402 (Ala.Crim.App.2003), considered whether the circuit court retained jurisdiction of a DUI case after the State elected to proceed on the misdemeanor DUI charge and not the felony DUI charge. Pruitt was indicted for alternative counts of DUI. Count I charged Pruitt with driving under the influence of alcohol while having three prior convictions for driving under the influence. Count II charged Pruitt with driving while there was 0.08% or more of alcohol by weight in his blood. The State elected to proceed under Count II of the indictment. Pruitt was convicted and sentenced as a felon. On appeal, Pruitt argued that the circuit court did not have subject-matter jurisdiction over his case, because, he argued, Count II charged only a misdemeanor. In holding that the circuit court retained jurisdiction of the misdemeanor offense, we stated:
“A dismissal of the felony count does not remove the circuit court’s jurisdiction over a misdemeanor count when the misdemeanor count arises from the same incident as the felony count. [§ 12-11-30(2), Ala.Code 1975; Casey v. State, 740 So.2d 1136 (Ala.Crim.App.1998)]. Because the misdemeanor count arose from the same incident as the felony count, the circuit court retained its jurisdiction when the State elected to proceed under the misdemeanor count.”
897 So.2d at 405.[2] We reversed Pruitt’s conviction after holding that he was not put on notice that he was being charged with felony DUI because Count II of the indictment did not reference § 32-5A-191(h), Ala.Code 1975.[3] According to the *1188 above statutes and cases the circuit court would have jurisdiction to consider a misdemeanor DUI because it arose out of the same incident as a felony DUI.
Moreover, implicit in our holding in Hankins is that a circuit court has jurisdiction to consider a misdemeanor DUI offense when the State is unable to prove the requisite number of prior DUI convictions to elevate the offense to a felony. When the State was unable to prove three prior DUI convictions in Hankins, we affirmed the conviction and remanded the case to the circuit court for resentencing. If the circuit court had had no jurisdiction to resentence Hankins we would have noticed the jurisdictional defect ex mero motu. See Nunn v. Baker, 518 So.2d 711 (Ala.1987).
We now specifically hold that a circuit court retains jurisdiction of a misdemeanor DUI offense when the State fails to prove the necessary prior DUI convictions to elevate the offense to a felony. According to § 12-11-30(2), Ala.Code 1975, the two offenses arose out of the same incident; thus, jurisdiction is proper in the circuit court. Once a case properly originates in the circuit court it should remain in the circuit court. This is consistent with Rule 1.2, Ala.R.Crim.P., which states, in part: “These rules are intended to provide for the just and speedy determination of every criminal proceeding.”[4] To the extent that our previous opinions, including Dutton v. State, 807 So.2d 596 (Ala.Crim.App.2001); Davis v. State, 806 So.2d 404 (Ala.Crim.App.2001); State v. Shaver, 816 So.2d 88 (Ala.Crim.App.1999), have held or implied otherwise, they are hereby expressly overruled.
For the foregoing reasons we affirm Marshall’s conviction for misdemeanor DUI and remand this case to the circuit court for that court to sentence Marshall for misdemeanor DUI.
AFFIRMED AS TO CONVICTION; REVERSED AND REMANDED AS TO SENTENCING.
McMILLAN, WISE, and WELCH, JJ., concur; BASCHAB, P.J., and SHAW, J., concur in part and concur in the result, with opinions.

. This Court recently held that a defendant must be sentenced according to the DUI law in effect at the time of the offense and not at die time of conviction. See Stewart v. State, 990 So.2d 441 (Ala.Crim.App.2008).

. See also Davis v. State, 806 So.2d 404, 409 n. 1 (Ala.Crim.App.2001) (Shaw, J., concurring in the result) C'[I]t would appear that a fourth DUI offense, in the absence of proof of three previous DUI offenses, necessarily arises from the same act that gave rise to the felony DUI charge.”).

. The Alabama Supreme Court on certiorari review held that Pruitt failed to object when his three prior felony convictions were introduced at sentencing; therefore, that court held, he waived appellate review of his claim that he was incorrectly sentenced as a felon. See Ex parte Pruitt, 897 So.2d 406 (Ala.2004).

. This conclusion is also consistent with our holdings in McMullen v. State, 2 So.3d 931 (Ala.Crim.App.2008), and Altherr v. State, 911 So.2d 1105 (Ala.Crim.App.2004).