BASCHAB, Presiding Judge,
concurring in part and concurring in the result.
Relying on the reference in § 12-11-30(2), Ala.Code 1975, to “misdemeanor or ordinance violations ... which arise from the same incident as a felony charge,” and Pruitt v. State, 897 So.2d 402 (Ala.Crim.App.2003), the majority concludes that “the circuit court would have jurisdiction to consider a misdemeanor DUI because it arose out of the same incident as a felony DUI.” 25 So.3d at 1188. However, I believe the above-referenced portion of § 12-11-30(2), Ala.Code 1975, applies only to indictments that charge separate felony and misdemeanor offenses. Also, the indictment in Pruitt included both a felony and a misdemeanor count. Because the indictment in this case included only one count for felony DUI, the majority’s reliance on § 12-11-30(2), Ala.Code 1975, and Pruitt is misplaced.
In addition, the majority opinion appears to take inconsistent positions as to whether misdemeanor DUI and felony DUI are the same offense or different offenses. When concluding that misdemeanor DUI is not a lesser included offense of felony DUI, the majority appears to treat the offenses as one offense, stating:
*1189 “In Parker, the Supreme Court resolved the issue whether misdemeanor DUI is a lesser included offense of felony DUI. The Supreme Court held that the prior convictions are to be admitted only during the sentencing hearing because the prior convictions are not substantive elements of the DUI offense. Because the prior convictions are not elements of the offense, misdemeanor DUI cannot be a lesser-included offense of felony DUI. The offenses are identical; the difference relates only to sentencing.”
25 So.Bd at 1187. However, when concluding that the circuit court retains jurisdiction over the case, the majority appears to treat misdemeanor DUI and felony DUI as two separate offenses, stating:
“[T]he circuit court would have jurisdiction to consider a misdemeanor DUI because it arose out of the same incident as a felony DUI.
[[Image here]]
“We now specifically hold that a circuit court retains jurisdiction of a misdemeanor DUI offense when the State fails to prove the necessary prior DUI convictions to elevate the offense to a felony. According to § 12-11-30(2), Ala.Code 1975, the two offenses arose out of the same incident; thus, jurisdiction is proper in the circuit court.”
25 So.3d at 1188.
Finally, the majority states:
“Moreover, implicit in our holding in Hankins is that a circuit court has jurisdiction to consider a misdemeanor DUI offense when the State is unable to prove the requisite number of prior DUI convictions to elevate the offense to a felony. When the State was unable to prove three prior DUI convictions in Hankins, we affirmed the conviction and remanded the case to the circuit court for resentencing. If the circuit court had had no jurisdiction to resentence Hankins we would have noticed the jurisdictional defect ex mero motu. See Nunn v. Baker, 518 So.2d 711 (Ala.1987).”
25 So.3d at 1188. However, in recent opinions, the Alabama Supreme Court has attempted to narrow the scope of the term “jurisdictional.” See, e.g., Ex parte Gunn, 993 So.2d 433 (Ala.2007); Ex parte Ward, [Ms. 1051818, June 1, 2007] - So.3d - (Ala.2007); Ex parte Seymour, 946 So.2d 536 (Ala.2006). Therefore, in light of the Alabama Supreme Court’s apparent efforts to limit the instances in which defects are characterized as jurisdictional, I do not agree with the majority’s statement that “we would have noticed the jurisdictional defect ex mero motu” when deciding Hankins. 25 So.3d at 1188.
Nevertheless, I do agree that the circuit court retains exclusive jurisdiction over any remaining misdemeanor DUI charge. I also agree that this court’s decisions that have held or implied otherwise, including Dutton, Davis, and Shaver, should be overruled. Because the appellant was clearly charged with a felony, the circuit court had exclusive original jurisdiction over the case. See § 12-11-30(2), Ala. Code 1975. “ ‘[T]he jurisdiction of a court depends on the state of facts existing at the time it is invoked, and once jurisdiction of the person and subject matter attaches it continues until final disposition or determination of the case.’ 22 C.J.S. Criminal Law § 222 (2006) (citations omitted).” State v. Tomaskie, 337 Mont. 130, 136, 157 P.3d 691, 694 (2007). Therefore, I respectfully concur in the result.