MURDOCK, Justice
(concurring in the result).
Both the main opinion and Justice Lyons’s dissenting opinion appear to offer “responses” to the indictment in this case as if that indictment merely charges Marshall with the offense of DUI “and with having three prior DUI convictions.” 25 So.3d at 1194. The main opinion’s response to such an indictment is to hold that this is enough to allege a felony and invoke the jurisdiction of the circuit court:
“[I]f a defendant is charged in an indictment with the offense of DUI and with having three prior DUI convictions (i.e., with violating § 32-5A-191(h), Ala.Code 1975), then the DUI offense charged is a felony prosecution and the jurisdiction of the circuit court is invoked.”
25 So.3d at 1194. I do not agree that a reference in an indictment merely to a defendant’s “having three prior DUI convictions,” without more, is enough (or that it charges, as suggested by the parenthetical in the foregoing quote, a violation of § 32-5A-191(h), Ala.Code 1975). I concur in the result reached by the main opinion, however, because, as discussed below, the indictment in the present case contains more than a bare reference to “three prior DUI convictions.”
Justice Lyons’s dissenting opinion states that “[t]he indictment alleged only that Marshall had been convicted of three or more offenses of driving under the influence.” 25 So.3d at 1197. The dissenting opinion also states that “[t]he indictment in this case charging DUI under § 32-5A-191(h) with three prior misdemeanor convictions charges only a misdemeanor because it ignores the five-year requirement of § 32-5A-191(o).”[2] 25 So.3d 1197.
Again, if the indictment contained only a bare reference to “three prior DUI convic *1196 tions,” with nothing more, I would agree with Justice Lyons that this is not enough to charge a felony and to invoke the jurisdiction of the circuit court. The indictment in the present case, however, contains more. The indictment states:
“William Lyle Marshall, whose name is otherwise unknown to the Grand Jury other than as stated, did drive or be in actual physical control of a vehicle while, (1) there was 0.08 percent or more by weight of alcohol in his blood; or (2) under the influence of alcohol[;] or (3) under the influence of a controlled substance to a degree which rendered him incapable of safely driving; or (4) under the combined influence of alcohol and a controlled substance to a degree which rendered him incapable of safely driving; in violation of § 32-5A-191(a) of the Code of Alabama and § 32-5A-191(h) of the Code of Alabama, in that he has been convicted of three or more offenses of driving under the influence.”
(Emphasis added.) Thus, the indictment expressly alleges a violation of § 32-5A-191(h). Further, the express reference in the indictment to § 32-5A-191(h) necessarily carries with it the definitional impact of § 32-5A-191(o), Ala. Code 1975, which states that “[a] prior conviction within a five-year period for driving under the influence of alcohol or drugs ... shall be considered by a court for imposing a sentence pursuant to this section.” See generally Florence v. Williams, 439 So.2d 83, 87 (Ala.1983) (“[A]ll statutes relating to the same subject or having the same general purpose [must] be read together to constitute one law.”).
That said, I concur in the result reached by the main opinion. Section 12-11-30(2), Ala.Code 1975, states:
“(2) Criminal. The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge ....”
(Emphasis added.) The State argues that the misdemeanor charge upon which Marshall is now to be sentenced “arise[s] from the same incident as [his] felony charge” for DUI.[3] The State cites Casey v. State, 740 So.2d 1136 (Ala.Crim.App.1998), in which a defendant was indicted both for felony DUI and for misdemeanor DUI, along with other misdemeanors. The felony DUI charge was nol-prossed before trial, yet the case proceeded to trial in the circuit court on the remaining misdemean- or charges. The Court of Criminal Appeals, in holding that the circuit court had subject-matter jurisdiction, noted that the misdemeanor DUI charges against the defendant “arose from the same incident as the felony DUI.” 740 So.2d at 1139.[4]
The State also cites Pruitt v. State, 897 So.2d 402 (Ala.Crim.App.2003), another DUI case, in which the Court of Criminal Appeals held that “[a] dismissal of [a] felony count does not remove the circuit court’s jurisdiction over a misdemeanor *1197 count when the misdemeanor count arises from the same incident as the felony count.” 897 So.2d at 405.[5]
I agree with the State that the misdemeanor DUI charge upon which Marshall is now to be sentenced arises out of the same incident as did the felony DUI charge upon which Marshall was originally convicted. I therefore concur in the result reached by the main opinion. See also Davis v. State, 806 So.2d 404, 409 n. 1 (Ala.Crim.App.2001) (Shaw, J., concurring in the result and noting that “it would appear that a fourth DUI offense, in the absence of proof of three previous DUI offenses, necessarily arises from the same act that gave rise to the felony DUI charge”); Hankins v. State, 989 So.2d 610 (Ala.Crim.App.2007) (holding that the defendant was not guilty of felony DUI because the State was unable to prove that the defendant had three prior DUI convictions but remanding the case to the circuit court for resentencing without reference to any potential jurisdictional problem).

. If Justice Lyons's description of the indictment were correct, his argument would go to the jurisdiction of the circuit court ab initio, when the case was presented to it for trial in ihe first instance, not to any difference between the trial court's jurisdiction at the time of trial and its jurisdiction on remand after it had been established that the defendant had not had three prior DUI convictions within the previous five years.

. The State does not ask us to revisit the holding in Ex parte Parker, 740 So.2d 432 (Ala.1999), and to examine whether a misdemeanor DUI is a lesser-included offense of felony DUI within the contemplation of the legislature for purposes of§ 12-11-30(2).

. Unlike the present case, in Casey the defendant was indicted by a grand jury for misdemeanor DUI. The holding of the Court of Criminal Appeals that "[t]he dismissal of the felony DUI ... did not strip the circuit court of jurisdiction over the remaining misdemeanor charges,” 740 So.2d at 1139, was based on § 12-12-32(3), Ala.Code 1975, which provides that the district court will have original trial jurisdiction over misdemeanors except "[a]ny misdemeanor for which an indictment has been returned by a grand jury.”

. As in Casey, the charge of misdemeanor DUI in Pruitt was the subject of a grand jury indictment.