BOLIN, Justice.
Mark Dewayne Adams was indicted for felony driving under the influence of alcohol (“DUI”) after having been convicted three or more times of DUI, a violation of § 32-5A-191(h), Ala.Code 1975.[1] Before trial, his counsel presented oral motions based on the following arguments: (1) that the circuit court did not have jurisdiction because the current offense was not a felony due to the fact that three of Adams’s four prior DUI convictions were in the municipal court; (2) that, if the circuit court did have jurisdiction, three of the four prior convictions could not be used to elevate the current offense to a felony because those convictions were in the municipal court; and (3) that two of the three municipal court convictions could not be used for enhancement for the additional reason that they were outside the five-year period specified in the 2006 amendment to § 32-5A-191. The circuit court entered a written order stating that “the prior DUI municipal court convictions cannot be used to enhance pursuant to the holding in [Ex parte Bertram, 884 So.2d 889 (Ala.2003) ].” The State appealed. A majority of the Court of Criminal Appeals dismissed the *1105 State’s appeal on the ground that the State did not have the right to appeal from the circuit court’s ruling because the circuit court did not dismiss the charge. State v. Adams, [No. CR-06-1184, February 1, 2008] (Ala.Crim.App.2008). We granted certiorari review in order to determine whether the Court of Criminal Appeals erred in dismissing the State’s appeal.
In Alabama, the State has a limited right to appeal in a criminal case. See §§ 12-12-70, 12-22-90, and 12-22-91, and Rule 15.7, Ala. R.Crim. P. The State can appeal a pretrial ruling holding a statute unconstitutional, suppressing evidence, dismissing the charges, quashing an arrest or search warrant, or granting a habeas corpus petition and ordering an individual released from custody. Rule 15.7 governs pretrial appeals by the State, and it provides for an appeal to the Court of Criminal Appeals from a pretrial order of the circuit court “dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint)
In the present case, the indictment charged that Adams
“did drive or was in actual physical control of a vehicle on, to-wit: September 3, 2005, while under the influence of alcohol to a degree which rendered him incapable of safely driving, and having been convicted three (3) or more times of driving under the influence, in violation of Section 32-5A-191(h) of the Code of Alabama.”
The circuit court’s order effectively eliminated that portion of the indictment noting Adams’s municipal DUI convictions. As Judge Welch stated in his dissent to the Court of Criminal Appeals’ unpublished memorandum, which Judge Wise joined: “[T]he court’s order had the effect of dismissing that portion of the indictment charging Adams with a felony offense.” The circuit court’s order prohibits the State from pursuing a felony DUI conviction because the court determined that Adams’s prior DUI convictions could not be used for enhancement purposes.[2] By not treating the circuit court’s order as dismissing that portion of the indictment charging Adams with a felony, the Court of Criminal Appeals has denied the State appellate review of the merits of the circuit court’s pretrial order prohibiting the use of the prior DUI convictions for enhancement purposes. Because the circuit court retains jurisdiction over the remaining misdemeanor charges following the dismissal of a felony DUI charge, Davis v. State, 806 So.2d 404 (Ala.Crim.App.2001),[3] the circuit *1106 court is not necessarily obligated to dismiss the entire indictment. Based on the Court of Criminal Appeals’ decision, the State is left without recourse in seeking appellate review of the circuit court’s pretrial order dismissing that portion of the indictment that elevates Adams’s DUI charge to a felony DUI charge.
Based on the foregoing, we hold that the Court of Criminal Appeals erred in dismissing the State’s appeal on the ground that the circuit court did not “dismiss” the charge, and we remand the cause to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
LYONS, J., dissents.
SHAW, J., recuses himself.**

. The parties stipulated that Adams had the following prior convictions: (1) a November 8, 1990, conviction in the Athens municipal court; (2) a June 26, 1991, conviction in the Limestone County district court; (3) an April 2, 1992, conviction in the Athens municipal court; and (4) a March 3, 2003, conviction in the Falkville municipal court.

. The circuit court apparently based its determination on this Court's decision in Ex parte Bertram, 884 So.2d 889 (Ala.2003). However, as Judge Welch aptly points out in his dissent, this Court in Ex parte Bertram did not address the issue of the applicability for enhancement purposes of municipal court DUI convictions; rather, this Court held in Ex parte Bertram that out-of-state DUI convictions cannot be used for DUI enhancement purposes under § 32-5A-191.

. In Marshall v. State, 25 So.3d 1183 (Ala.Crim.App.2008), the Court of Criminal Appeals overruled Davis to the extent Davis provided that when the dismissal of a felony DUI leaves a misdemeanor DUI remaining to be resolved, the circuit court had the option of transferring the case to the district court for disposition of the misdemeanor charge. In Marshall, the Court of Criminal Appeals specifically held that a circuit court retains exclusive jurisdiction of a misdemeanor DUI offense when the State fails to prove the necessary prior DUI convictions to elevate the offense to a felony. This Court affirmed the judgment of the Court of Criminal Appeals in Ex parte Marshall, 25 So.3d 1190 (Ala.2009).